MARTIN *v.* STREET IMPROVEMENT DISTRICT No. 324.

Opinion delivered December 22, 1924.

1. MUNICIPAL CORPORATIONS—PROMOTER OF IMPROVEMENT DISTRICT.— Since Const. art. 19, § 27, contemplates the voluntary formation of improvement districts by property owners, the Legislature cannot authorize the commissioners of improvement districts to employ promoters to urge owners to create the district; a "promoter" being one who promotes, urges on, encourages, incites, advances, etc.

2. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—PRELIMINARY EXPENSE.—The services of a promoter in circulating the petition and creating sentiment for organization of an improvement district is not a "preliminary expense" within Crawford & Moses' Dig., § 5741.

3. CONTRACT—INVALIDITY.—A contract by commissioners of an improvement district employing a promoter to circulate a petition and create sentiment for organization of the district is against public policy, and void.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; affirmed.

*E. G. Shoffner,* for appellant.

Section 5741, C. & M. Digest, constitutes specific authority for the contract which appellant sues on. The necessary inference to be drawn from the court's language in 112 Ark. 260 (where the suit was brought under act of March 3, 1913, the preliminary work having been done before the passage of said act) is that the service rendered by appellant was authorized and a valid charge.

*Philip McNemer,* for appellee.

Where a decision is correct on the whole case, it is immaterial on what ground the court below based its finding. 85 Ark. 1; 117 Ark. 304. The meeting of the board at which the alleged contract was made was not legal, and the contract is therefore not valid. 69 Ark. 159; 109 Ark. 125. The interveners have a right to attack the contract. 158 Ark. 241. The contract is unreasonable. 158 Ark. 242; 143 Ark. 446. A promoter's fee is not a necessary preliminary expense under § 5741, C. & M. Digest, and does not fall within the description of such expenses as outlined in 119 Ark. 189. See also 161 Ark. 570; 155 Ark. 308; 151 Ark. 53. Promoters' contracts are odious to the law and contrary to public policy. 42 L. R. A. 347; 76 N. W. 476; 48 L. R. A. 294; 162 Fed. 533; L. R. A. 1915C 823; 134 Ark. 328; 159 Ark. 36.

WOOD, J. This is an action brought by Melbourne M. Martin against Street Improvement District No. 324 of the city of Little Rock, and George M. Heard, Mrs. Dixie F. Jackson and J. E. Lord, commissioners thereof. The plaintiff alleged that he entered into a contract with the defendants whereby they agreed to pay plaintiff the sum of $300 for services performed in the promotion and organization of the district; that the contract had been performed on the part of plaintiff and the defendants had refused to pay him for his services under the contract.

Two of the commissioners and certain property owners filed an answer for the district, in which they denied the material allegations of the complaint, and denied that the district was liable. Among other things, they set up that the act of 1913, upon which the plaintiff relies as authority for the contract upon which he bottoms his claim, was not intended to cover a promoter's fee, especially when the same attorney had attended to the legal work of its organization. They set up that the appellant had received the sum of $522.90 as attorney for the district, which was paid to him with the under-

standing that it was the entire sum to be paid for the services he rendered the district; that the sum thus paid him was a reasonable compensation for his services.

The plaintiff introduced the contract, which, among other things, specified "that for and in consideration of work done in the promotion of Street Improvement District No. 324 by the party of the second part, the party of the first part hereby agrees to pay said party the sum of $300 for said services." The plaintiff testified that, at a meeting of the board of commissioners of the district, at which all the members were present, the matter of his fee as attorney for the district and promotion work was discussed, and it was agreed by all members of the board to pay plaintiff $500 attorney's fee and $300 for promotion work, consisting of circulating the petition, creating a sentiment for the improvement, etc.; that he was directed to prepare and did prepare written contracts, one of which is the contract upon which he bottoms his action.

Plaintiff stated that he asked for his services $1,000, and, by way of compromise, they agreed to give him two per cent. attorney's fee, amounting to the sum of $500, and $300 for promotion, which was to be evidenced and was evidenced by two separate contracts. The witness then testified that, by his personal efforts, he created a sentiment for the district, and walked from house to house for about thirty days until he got a majority in valuation to sign the petition. Among other things the witness said: "I not only procured the signatures that I have testified about, but I walked the streets, Rock Street, frequently late at night, seeing the property holders in this district, because it was a bitterly contested district; so much so that we were successful in carrying it only to Twentieth Street. * * * I experienced great difficulty in getting signatures on the petitions, and there were several I had to interview three or four times. I consented to go on with the legal work only in view of the fact that they would pay my promoter's fee of $300, to which they agreed I was justly entitled."

The plaintiff's testimony as to the promoter's contract for a fee of $300 was corroborated by Mrs. Dixie F. Jackson, one of the commissioners. There was testimony for the district to the effect that the drawing of the ordinances and petitions for the district and the improvement was the work of a lawyer, and two per cent. of the cost of the improvement, where such cost exceeded $25,000, or, in this case, $500, was a reasonable charge; that the attorney's fee in an improvement district usually included the work of a lawyer in organizing the district. It was shown that the sum of from $10 to $25 was a reasonable fee for circulating a petition.

The cause was submitted to the court upon substantially the above facts. The court found generally against the plaintiff, and rendered judgment against him, from which is this appeal.

Section 6 of act No. 125, approved March 3, 1913, § 5741, C. & M. Digest, provides: "The commissioners of improvement districts are authorized to pay a reasonable compensation to the persons who have done necessary preliminary work in the organization thereof." In *Deane* v. *Moore,* 112 Ark. 254-260, the commissioners of an improvement district sought to pay a party who circulated the petition for the improvement the sum of $100, under the authority of the above act. At the time the petition was circulated the act of March 3, 1913, *supra,* had not been passed, and we held that the charge of $100 for circulating the petition was not justified, saying: "The act of 1913, which authorized the board of improvement to pay a reasonable compensation to the persons who have done necessary preliminary work in the organization thereof, is not retroactive and does not authorize payment to the promoter of a district organized prior to the passage of the act."

The appellant contends that the court, in the above case, holds, at least conversely, that the act of 1913 authorized payment to the promoter of a district organized after the passage of the act, but we did not, in the above case, undertake to determine whether the act

authorized a promoter's fee. That question was not presented. In that case it was merely conceded that, even if the act was valid, the charge for circulating a petition for the improvement before the passage of the act would not be authorized, because to so construe the act would make it retroactive. But, in the case at bar, the services for which the appellant charged, as evidenced by his contract, were rendered after the passage of the act, and the issue here necessarily involves the question whether compensation for promotion services is authorized by the act; for, unless the act authorized a contract for such services, the commissioners had no authority to enter into the contract with the appellant for the services rendered by him.

Section 27, art. 19, of the Constitution, authorizes local improvements in towns and cities under such regulations as may be prescribed by law, to be based upon the consent of a majority in value of the property holders owning property adjoining the locality to be affected. This provision of the Constitution contemplates an entirely voluntary action upon the part of the property owners. The Legislature has no right, under this provision of the Constitution, to authorize the commissioners to enter into a contract to pay promoters to urge property owners to create local improvements. "A promoter is one who, or that which, promotes, as urging on, encouraging, inciting, advancing," etc. Standard Dictionary. The services of a promoter are incongruous with the idea that the property owners have voluntarily created the improvement.

In *Thibault* v. *McHaney*, 119 Ark. 188-201, it is said: "It is in the power of the Legislature to provide for the preliminary expenses, that is, those expenses that have been incurred in the formation of the district, and in all such proceedings as were necessary, and as were had, in determining the feasibility of the improvement contemplated. * * * * Under the terms 'preliminary expenses' would be included the cost incurred in litigation to determine whether or not the act creating the

district was valid, and attorney's fees as counsel to the board in the preliminary work of organization, etc.; such costs as expenses for maps, plats, surveys of land, and for engineering expenses in preparing the plans and specifications. In other words, all expenses incident to the investigations by which it is sought to determine whether the value of the benefits to the lands by the improvement contemplated would exceed the cost of such improvement and thereby warrant its completion.''

The services of a promoter are not embraced in any of these. To authorize such services is tantamount to saying that property owners may employ an agent to persuade themselves to create an improvement, which the Constitution contemplates they shall do *suo motu* and without any inducement or incitement so to do by an agent or third party. The statute cannot be invoked as an authority for the allowance of a promoter's fee for services such as is embraced in appellant's contract with the district. The most that could be included therein would be the work of preparing the petitions and other expenses, such as are defined in *Thibault* v. *McHaney, supra.* See also, *Elkins* v. *Huntington Mid. Highway Dist.,* 161 Ark. 570; *Gould* v. *Sanford,* 155 Ark. 304.

It is well settled that contracts for the payment of money to induce men to lobby for or against bills or ordinances, the compensation for such services contingent upon success, are contrary to a sound public policy. *McDonald* v. *Buckstakk,* 76 N. W. 476; 81 N. W. 309; 48 L. R. A. 294; *Miller County Highway and Bridge Dist.* v. *Cook,* 134 Ark. 328; *Hyland* v. *Oregon Hassam Pav. Co.,* 144 Pac. 1160, L. R. A. 1915C, 823. The contract under consideration, in view of the provision of our Constitution, may be likened unto lobbying contracts and placed in the same category. Such contracts are contrary to a sound public policy, and void.

The judgment of the court therefore is correct, and it is affirmed.