MARTIN *v.* STREET IMPROVEMENT DISTRICT No. 349.

Opinion delivered December 10, 1928.

*June P. Wooten,* for appellant.

*P. L. Robinson* and *Lewis Rhoton,* for appellee.

SMITH, J. Appellant brought suit at law against the Marshall Street Annex of Street Improvement District No. 349 of Little Rock to recover fees alleged to be due him as attorney for the annex district and for certain court costs which he alleged he had expended in its behalf.

The commissioners of the improvement district waived service of summons, and entered their appearance and confessed judgment for the amount sued for, and judgment was rendered by consent for $7,733. This judgment was rendered September 30, 1927. On October 3, 1927, Herman Heiden filed an intervention, in which he alleged that he was a property owner in the Marshall Street Annex improvement district, and that the judgment against the district had been obtained through collusion and fraud between the plaintiff attorney and the commissioners; that judgment had been rendered by consent on the day on which the complaint had been filed, and that the existence of the suit was concealed from all property owners in the district; that plaintiff had caused the original District No. 349 to be organized in 1923, and secured the appointment of defendants as commissioners, who became his agents, and allowed him grossly excessive fees, and that an audit of the original district and the annex thereto showed that the defendant commissioners had obligated the district to pay the plaintiff a fee of $12,288.84 and the annex to pay $7,733, and that intervener, on behalf of himself and other property owners, had a meritorious defense to said claims, in that they are grossly excessive.

The court granted the prayer of the intervener on the same day the intervention was filed, and set aside the judgment previously rendered.

It is insisted that this order was error, for the reason that no summons was served on appellant and no testimony was heard by the court, and therefore no good cause for setting aside the judgment was shown. It appears, however, that appellant appeared and resisted the prayer of the intervention, and that the order was made after argument of counsel. No answer or response was filed to the allegations of the intervention, and the matter was no doubt treated as having been heard by the court on demurrer. The allegations of the petition alleged sufficient grounds to warrant the court in setting aside a judgment which had been rendered

at the same term. In the case of *T. J. Moss Tie Co.* v. *Miller,* 169 Ark. 657, 276 S. W. 586, it was said that it was the settled policy of this State that, during their respective terms, courts of record have complete control over their judgments and decrees, and may review and correct any mistake or error into which they may have fallen during the term, but that this power will be exercised only when good cause so to do is shown. We conclude therefore that no error was committed in vacating the judgment.

After the judgment had been vacated, an answer and cross-complaint was filed. This pleading reviews the history of the original district and the annexes thereto; but we do not set out these recitals, as we consider them immaterial to a determination of the only issue in this case, which is the amount of fee to which appellant is entitled. It was alleged, however, in the answer and cross-complaint that appellant had been paid a fee by the original district of $1,580.30, and by the first annex of $4,628.56, and had received in addition from the annex a certificate of indebtedness of $5,000, which amounts were exorbitant; that two years after the organization of the original district and its first annex thereto the commissioners organized the Marshall Street Annex and issued to appellant the certificates of indebtedness upon which the original suit was based.

The allegations in regard to the fees paid appellant are somewhat confusing, but in the cross-complaint it was alleged that $2,770.68 had been paid appellant as fees in the original district, and that the same were excessive; that the commissioners had paid to appellant, as attorney for the Summit Avenue, or first, annex the sum of $6,273.06, which fee was alleged to be grossly excessive.

It thus appears, under the allegations of the answer and cross-complaint, that the fees of appellant in both the original district and the two annexes thereto are called into question, and it is insisted that it was error for the trial court to hear these issues in a single case.

It does not appear, however, that the question of the misjoinder of these causes of action was raised prior to the filing of the motion for a new trial, which was, of course, too late to complain of the alleged error; but, as the judgment must be reversed for another reason, and as the question may be raised in apt time upon the remand, we take occasion to say that there was no abuse of discretion on the part of the trial court in permitting the consolidation of these cases. While the districts were separate entities, two of them were organized as annexes to the original district, and the same commissioners served for all and the affairs of the three were intimately related.

Separate verdicts were returned as follows: In favor of appellant for $600 against the Marshall Street annex; in favor of the original district against appellant in the sum of $2,270.68; and in favor of the Summit Avenue Annex against appellant in the sum of $5,523.06, and judgments were rendered accordingly.

These judgments must be reversed because much incompetent testimony was admitted over the objection of appellant, most of this incompetent testimony being offered in the attempt to show collusion and fraud between appellant and the original commissioners in the organization of the districts.

We do not review the various assignments of error relating to this testimony, but content ourselves with an announcement of the principles of law under which the case should be tried upon the remand of the cause. We are of the opinion that the testimony is insufficient to support the charge of fraud between appellant and the commissioners of the original district; but we are also of the opinion that the testimony is sufficient to support the finding that the fees allowed were grossly excessive, and the cause will be submitted upon this issue upon the remand. We take occasion therefore to restate the applicable legal principles which will be applied in the determination of this question.

In the case of *Davis* v. *Cook,* 159 Ark. 91, 251 S. W. 693, we quoted from the case of *Bowman Engineering Co.* v. *Ark. & Mo. Highway Dist.,* 151 Ark. 56, 235 S. W. 402, as follows:

"The commissioners have power to make contracts, but they are trustees of the property owners, and can only make reasonable ones. The owners of the property have a right to. challenge the validity of such contracts by showing that they are unreasonable. Of course, in testing the validity of such contracts, the court should not substitute its own judgment primarily for that of the commissioners, the authority to make the contract being lodged by the lawmakers in the commissioners, but the inquiry of the court is to determine whether or not the contract is so improvident as to demonstrate its unreasonableness."

As the commissioners had the right to contract with appellant in regard to his fee as attorney, their contract is binding unless it be found that the contract was so improvident as to demonstrate its unreasonableness, and unless and until its improvidence be first found as a fact, the question of its reasonableness does not arise. In other words, the contract between the attorney and the commissioners must be enforced unless it be found that it is so improvident as to demonstrate its unreasonableness. When this finding is made, the contract is treated as being void, as it would be in the case of actual fraud, and in such case the recovery would be on a *quantum meruit* basis.

There is some testimony to the effect that, as to a part, if not all, of the services performed by appellant, no contract had been previously made as to the amount of the compensation. As to any such services the jury will determine, as an original proposition, the value thereof. In other words, our cases appear to distinguish between the contracts of these *quasi*-public officials where an agreement was had as to the compensation before the service was performed, as in the Bowman Engineering Company case, *supra,* and those where the compensa-

tion was not fixed until after the service had been performed. The case of *Bayou Meto Drainage District* v. *Chapline,* 143 Ark. 452, 220 S. W. 807, is an example of the latter class. There was involved in the Chapline case the question of the fee of the attorney for a drainage district, it being asserted on the one hand, and denied on the other, that the fee had been fixed by contract before the professional services were rendered. It was there said:

"Moreover, under the undisputed evidence in this case the commissioners did not fix the fee of the appellees until after the services which they had been employed to render had all been performed. The compensation for their services was fixed by the board at the time they were discharged, not when they were employed. The preponderance of the evidence shows that the appellees were employed, and that the compensation to be paid for their services was not stipulated in advance. The appellees are therefore entitled to recover upon *quantum meruit.*"

Upon the remand and retrial the court should therefore instruct the jury that, if no fee was agreed upon before the service was rendered, the jury should, from the testimony, fix the fee at what appeared to be a fair and reasonable compensation for the service rendered. But if the fee was fixed by a contract before the service was rendered, the contract must be respected and enforced, unless the testimony shows the contract to be so improvident as to demonstrate its unreasonableness; but if that fact is found to exist, then the fee should be fixed as if there had been no contract.

The rule for determining what a proper attorney's fee should be where the recovery is fixed upon a *quantum meruit* basis was discussed and declared in the case of *Sain* v. *Bogle,* 122 Ark. 14, 182 S. W. 515, an improvement district case, and need not be repeated here.

In opposition to the allegation of the cross-complaint and the testimony offered in support of it, that appellant had been paid excessive fees, appellant pleaded the

three-year statute of limitations as to all payments which had been made more than three years prior to the filing of the cross-complaint. The court held that this was a valid defense, unless there was fraud in the contract, in which event the statute of limitations would not begin to run until the discovery of the fraud. But, as we have said, the testimony was not sufficient to warrant the submission of the question whether the execution of the contract was procured by fraud, so that the court should charge the jury that there could be no recovery of any sums of money paid appellant more than three years prior to the filing of the cross-complaint. The testimony in regard to these payments is competent, however, in determining whether or not appellant has received a fair and just compensation for his services.

The testimony is conflicting as to the sums paid appellant. This is a question of fact, and appellant should be charged with all sums of money paid or received by him, and if this amount, whatever it is, is found to exceed the fee to which appellant is entitled, a judgment should be rendered against him for the excess.

There is conflicting testimony as to an item of $1,500 in the fee claimed by appellant, there being some testimony that this item was intended to compensate appellant for procuring the enactment of legislation by the General Assembly favorable to one of the districts.

The cases of *Miller County Highway & Bridge Dist.* v. *Cook*, 134 Ark. 328, 204 S. W. 420, and *Gould* v. *Sanford*, 155 Ark. 304, 244 S. W. 443, declare the law applicable to contracts in regard to procuring legislation. In the first-mentioned case it was held that the board of improvement of an improvement district is without authority to pay money to persons by way of expenses in procuring the passage of a bill for the creation of the district. In the last-mentioned case it was held that the employment of an attorney by an improvement district to prepare a bill for legislative enactment does not contravene any rule of public policy. The court will apply these principles in regard to this item.

The cause will be remanded, with directions to submit to the jury the question of the fee to which appellant is entitled under instructions conforming to the law as herein declared, and the testimony will be confined to that issue.