SHACKLEFORD *v.* THOMAS.

Opinion delivered December 1, 1930.

*John D. Shackleford,* for appellant.

*Ernest Briner* and *W. A. Utley,* for appellee.

HART, C. J., (after stating the facts). The circuit court was right to refuse to award the writ of mandamus. The record shows that the contract made by appellant with the school district was not executed in the manner prescribed by law. The adoption of the prescribed mode of contract under the statute is a jurisdictional prerequisite to the power to contract at all. The reason is that the authority is conferred by statute, and the directions of the statute must be substantially followed. It is the policy of the law that a contract shall not be executed until there is an opportunity for all the directors to present their views to each other. In the case at bar, only two of the directors signed the contract, and it was not made either at a regular or call meeting of the board. The want of authority in the directors cannot be supplied by any attempted ratification on the part of the director who did not sign the contract. Indeed, in the present case, the director who did not sign the contract only states that he had no objection to it. It does not appear that he knew whether the contract was or was not for the interest of the district. *Arkansas National Bank* v. *School District No. 99,* 152 Ark. 507, 238 S. W. 630; and *Hatfield* v. *School District No. 58,* 178 Ark. 260, 10 S. W. (2d) 374.

If the contract was illegal or of no effect because not signed in the manner prescribed by law, it necessarily follows that the writ of mandamus could not be had to compel the execution of such a contract. Mandamus only lies to compel a person to do that which it is his duty to do without it and cannot be used to compel the performance of that which is not lawful. *Hill* v. *American Book Co.,* 171 Ark. 427, 285 S. W. 20; *School District No. 3* v. *Bodenhamer,* 43 Ark. 140; and *Huie* v. *Barkman,* 179 Ark.

772, 18 S. W. (2d) 334. Hence the court did not err in refusing to grant the writ of mandamus.

It is next insisted that the court erred in awarding judgment against appellant for the $100 paid him for services rendered before the Legislature in opposing a bill which affected the school district. The circuit court based the right to the district to recover $100 paid under that contract in reliance upon the principles of law decided in *Buchanan* v. *Farmer,* 122 Ark. 562, 184 S. W. 33; and *Miller County Highway & Bridge Dist.* v. *Cook,* 134 Ark. 328, 204 S. W. 420.

We do not think the principles of law decided in those cases control here. They were cases where the contract contemplated personal solicitation and similar means between the attorney and the individual members of the Legislature. Such contracts were properly held to be void as against public policy. Here, according to the undisputed evidence, appellant was employed simply to make an argument before a committee of the Legislature to enable it to more intelligently act upon a bill affecting the interests of the school district. He did not contract to use his personal influence with members of the Legislature to induce them to vote against the bill, and no such effort was practiced by him. The judicial condemnation of so-called lobbying contracts are not applicable to contracts looking to the preparation of facts and arguments before either the administrative or legislative departments of the government. The differences between such contracts is clearly pointed out in *State of Washington* v. *Okanogan County,* 153 Wash. 399, 280 Pac. 31, 67 A. L. R. 688.

The same line of demarcation has been recognized by this court. *Gould* v. *Sanford,* 155 Ark. 304, 244 S. W. 433; and *Martin* v. *Street Improvement District,* 178 Ark. 588, 11 S. W. (2d) 469.

We next come to the question of the recovery of the $50 paid to appellant under the contract involved in that part of the case in which application is made for a writ

of mandamus. The record shows that, in carrying out the contract, a warrant for $50 was issued to appellant, and by him presented to the county treasurer of Saline County, who paid it. This constituted an execution of the contract that far, and it is now too late for the district to recover the money. The contract was for a purpose which was valid and would have been binding on the district if it had been executed in the mode prescribed by law. The district having issued the warrant which was paid by the county treasurer, it is now estopped from recovering this amount from appellant. The contract having been executed to this extent and the money having been paid to appellant, we are of the opinion that no recovery can be had and that the principles of law above announced applying to the unexecuted part of the contract should not apply.

Therefore the judgment of the circuit court refusing the application of appellant for a writ of mandamus will be affirmed, and the judgment against him for $150 on the cross-complaint in favor of the district will be reversed and the cause of action in that behalf dismissed. It is so ordered.