BOARD OF IMPROVEMENT OF PAVING IMPROVEMENT DISTRICT No. 23 *v.* MATHENEY.

4-3508

Opinion delivered October 8, 1934.

958

*Herbert V. Betts* and *Graham Moore,* for appellant.
*M. P. Matheney,* for appellee.

JOHNSON, C. J. Appellant Paving Improvement District No. 23 of El Dorado was organized in 1927, and immediately thereafter appellee Matheney was employed as attorney for the district. The services rendered and to be rendered by the attorney were the usual and ordinary ones consisting of collecting past-due assessments of benefits, bringing suits to enforce payment of such past-due assessments and representing the district generally in its litigation. Appellee's contract of employment with appellant district is evidenced by the minutes of the board of date June 4, 1927, and expressly provides compensation to the amount of 75 per cent. of all penalties collected against defaulting property in the district. On June 25, 1928, appellee's contract was amended, and his compensation increased to all the penalties collected against delinquent property. This contract is evidenced by the minutes of the board meeting of that date. On March 2, 1931, appellee was employed by the district as collector of all assessments of benefits due the district, and his compensation as such was fixed by the board at 3 per cent. of all collections effected. This contract is evidenced by the minutes of the meeting of the board of that date.

Appellants, Board of Commissioners, was reorganized in the early part of 1933, and appellee's services as attorney and collector were dispensed with by the new board, and soon thereafter this suit was instituted for an

accounting. Upon trial the chancellor stated the account as follows:

Balance alleged due under the complaint..............$4,006.60

CREDITS

Item 1—Penalties .........................................................$1,451.27

Item 2—3% Collector's commission on
$9,392.90 ........................................................ 281.78

Item 3—3% on former Collector's shortage of
$960.25 ........................................................ 28.81

Item 4—3% on T. N. Wilson tax of $1,111.25...... 33.33

Item 5—3% on State aid vouchers, $1,031.17...... 30.93

Item 7—Expenses of collection, 1919..................... 15.00

Item 8—Expenses as collector, 1931..................... 24.76

Item 9—Expenses as collector, 1932..................... 26.80

Item 10—Investment of district in properties
acquired in 1930-1931.......................... 534.25

Item 11—Additional court costs paid on same...... 23.70

Item 12—Investment in district properties
acquired in 1932.................................... 698.80

|  |  |
|---|---|
|  | $4,006.60 | $3,149.43 |

Less Credits ............................$3,149.43

Balance ..................................$ 857.17

IMPROPER CHARGES

Item 1—Voucher for $107.65.......................................$107.65

Item 3—Charles Carpenter 1927 tax............................ 36.00

Item 4—Mrs. Kate Harris, interest.......................... 31.08

Item 5—Expenses paid by district on district
property ................................................ 412.90

|  |  |
|---|---|
|  | $857.17 | $587.63 |

Less improper charges ........$587.63

Balance due from defend-
ant to plaintiff ............................$269.54

And entered a decree accordingly, from which this appeal is prosecuted by appellant district.

Appellant's first contention is that item one allowed to appellee by the court aggregating $1,451.27, same being

penalties collected by appellee from delinquent lands is unlawful, unauthorized and improvident. This allowance is based upon an express contract of the board of improvement with appellee, and was faithfully performed by all parties thereto over a period of approximately six years. The law is well settled in this State that boards of commissioners of improvement districts have full power and authority to make contracts—such as the ones here under consideration—save only that the compensation awarded by such contracts must be reasonable.

In *Bowman Engineering Co.* v. *Missouri Highway District*, 151 Ark. 47, 235 S. W. 399, we stated the rule as follows: ''The commissioners have power to make contracts, but they are trustees of the property owners, and can only make reasonable ones. The owners of the property have a right to challenge the validity of such contracts by showing that they are unreasonable. Of course, in testing the validity of such contracts, the court should not substitute its own judgment primarily for that of the commissioners, the authority to make the contract being lodged by the lawmakers in the commissioners, but the inquiry of the court is to determine whether or not the contract is so improvident as to demonstrate its unreasonableness.''

Again in *Martin* v. *Street Improvement District No. 349*, 178 Ark. 588, 11 S. W. (2d) 469, we restated the rule as follows: ''As the commissioners had the right to contract with appellant in regard to his fee as attorney, their contract is binding unless it be found that the contract was so improvident as to demonstrate its unreasonableness, and unless and until its improvidence be first found as a fact, the question of its reasonableness does not arise. In other words, the contract between the attorney and the commissioners must be enforced unless it be found that it is so improvident as to demonstrate its unreasonableness. When this finding is made, the contract is treated as being void, as it would be in the case of actual fraud, and in such case the recovery would be on a *quantum meruit* basis.''

Tested by the rules thus stated, the chancellor was fully warranted in finding that the compensation awarded appellee by appellant for collecting delinquent assessments under his contract of employment as attorney for the district was reasonable.

Next, it is urged that item three allowed by the court to appellee should have been rejected. Appellant admits that item two is a proper charge under the contract of March 2, 1931, but contends that item three does not come within the purview of the contract. This item represents a shortage of a previous collector and according to the evidence was collected only after determined efforts so to do, and we think the court was correct in allowing compensation therefor.

Items numbered 10, 11, 12 as allowed by the court are strenuously objected to by appellant. These charges arose out of foreclosure sales wherein the improvement district became purchaser of the foreclosed properties. As we understand, it is not contended that the services rendered were not reasonably worth the amount claimed by these items, but the contention is that the district should pay only after the property passes into private ownership. When the district became the purchaser of this property at its foreclosure sale, it thereupon became responsible for the expenses incident thereto, and we think the chancellor was correct in so deciding.

Other minor items are urged upon us for review, but we deem them of insufficient importance to here discuss in detail. It suffices to say they fall within the rules heretofore discussed.

No error appearing, the judgment is affirmed.