BOARD COMMISSIONERS STREET IMPROVEMENT DISTRICT No. 2 *v.* DELINQUENT LANDS.

4-4947

Opinion delivered February 21, 1938.

*Jas. S. McConnell,* for appellant.

GRIFFIN SMITH, C. J. Street Improvement District No. 2 of Nashville, Arkansas, prosecutes this appeal from

that part of a decree of the chancery court denying appellant district's right to retain five per cent. charges paid by ten owners of property whose annual installments of betterments were delinquent. The aggregate of such items, including the statutory penalty of ten per cent., was $513.22. Five per cent. of this sum would be $25.66. Before final decree was rendered these taxpayers paid the several amounts with which they stood charged. In the decree the chancellor said:

"Certain property owners have paid taxes, penalties, costs, and attorney fees after suit was filed and notice given, before judgment, and all sums so paid are now in the hands of the clerk. The court finds that no attorney fees are chargeable to the property owners until judgment is rendered. It is, therefore, ordered that the clerk refund to such property owners all attorney fees collected by him before judgment, to the person or persons who paid such."

In its brief appellant says: "Prior to the enactment of act 207 of 1937 the law governing allowance and adjudging attorney fees in suits to foreclose special improvement district taxes was governed by § 5678, C. & M. Digest. . . . There is no dispute or contention made that if this section were still in force no attorney's fee could be adjudged if assessments and other costs were paid within five days after summons, or possibly before final decree; but the contention is that act 207 of 1937 repealed this section and placed the charging of attorneys fees in the same category as taxes, penalties and costs."

Section 5678 of Crawford & Moses' Digest, referred to by appellant, was construed in *School District of Fort Smith* v. *Board of Improvement*, 65 Ark. 343, 46 S. W. 418. Mr. Justice CARROLL D. WOOD, in delivering the opinion of the court, said: "Judging of the intendment from the language, connection, and purport of all the sections, we think an attorney's fee is provided for in all cases where the board recovers judgment."

In a more recent case, *Board of Improvement of Paving Improvement District No. 23* v. *Matheney*, 189

Ark. 957, 76 S. W. 2d 81, the appellant district had contracted, during a certain term, to allow an attorney as compensation all penalties collected on delinquent assessments. At a later date the contract was that such attorney should receive three per cent. of the collections he made. Whether the contract contemplated payment of fees on collections made before judgment was not an issue, and on that point the opinion is silent. There is, however, this declaration of the law: "Appellant's first contention is that Item One allowed to appellee by the court aggregating $1,451.27, same being penalties collected by appellee from delinquent lands, is unlawful, unauthorized, and improvident. This allowance is based upon an express contract of the board of improvement with appellee, and was faithfully performed by all parties thereto over a period of approximately six years. The law is well settled in this state that boards of commissioners of improvement districts have full power and authority to make contracts—such as the ones here under consideration—save only that the compensation awarded by such contracts must be reasonable." *Bowman Engineering Co. v. Arkansas and Missouri Highway District*, 151 Ark. 47, 235 S. W. 399; *Martin v. Street Improvement District No. 349*, 178 Ark. 588, 11 S. W. 2d 469.

These holdings are decisive of the proposition that under statutes which controlled prior to 1937 improvement districts of the character dealt with by § 5678 of Crawford & Moses' Digest had the power to contract with attorneys to pay reasonable fees for services rendered in foreclosing liens and collecting delinquent assessments, and that payment could be made from moneys realized from penalties. As expressed by Mr. Justice Wood, "In all cases where the board recovers judgment" . . . an attorney's fee is provided for, to be taxed as a part of the cost.

We now turn to consideration of act 207 of 1937.

By § 2 the board is directed to enforce collections, "and said [chancery] court shall give judgment . . . for the amount of such taxes, . . . together with the penalty and interest on same, attorneys' fees and cost

of the proceedings." Notice for four weeks must be given by warning order, the form of which is set out in the act. If defense is not interposed within four weeks "the same will be taken for confessed and final judgment will be entered directing the sale of said lands for the purpose of collecting said taxes or assessments, together with the payment of interest, penalty, attorney's fee, and costs adjudged against such tracts."

Final reference to attorneys' fees appears in § 5, as follows: "At such sale if there be no purchaser offering as much as the total tax or assessment, plus penalty, interest and all costs and attorneys' fees allowed, then such property shall be struck off to the plaintiff."

We agree with the chancellor that a requisite to a valid collection of attorneys' fees is (1) that an order be issued, directing that such charge be extended against the particular tract of land included in the notice, and (2) before a taxpayer can be required to pay such fee, there must be judgment to that effect; or (3) payment may be ordered generally from penalties if the district has contracted to that effect.

Act 207 explicitly authorizes the district's collector to add 10 per cent. to delinquent assessments when they are certified. As to such penalty the chancellor has no discretion. But the act contains this further provision: "In all cases where notice [for four weeks by warning order] has been properly given . . . and where no answer has been filed, or, if filed, and the cause decided for the plaintiff, the court, by its decree, shall grant the relief prayed for in the complaint."

In the instant case the cause was not decided for the plaintiff, and it is our opinion that the statute did not intend to make such judgment mandatory except as to delinquent assessments and penalties at the time the matter was addressed to the court for decree. Court costs, publication charges, and attorneys' fees, when earned, must be paid, and are proper charges against the lands.

Appellant insists that it was the statutory duty of the chancellor to decree what he had failed or refused to direct in response to appellant's petition—the inclu-

sion of five per cent. to compensate the attorney. The law does not provide for five per cent., or any other specific amount. Here, the record does not show full extent of the foreclosure transactions, but refers to "other lands." The attorney has not intervened. His contract with the district is not involved.

The very purpose of act 207, as expressed in the emergency clause, was to lighten the burden under existing methods "which are unduly costly and expensive to the property owners and the district."

The decree is affirmed.

BAKER, J., dissents.