The Honorable Billy Joe Purdom State Representative Rt. 1, Box 135B Yellville, AR 72687
Dear Representative Purdom:
This is in response to your request for an opinion on four questions relating to the government of Diamond City, Arkansas. Your questions will be restated and addressed in the order posed.
Your first question is:
 (1) Can a citizen who was appointed to the Sewer Improvement District also be appointed to the City Council as a Councilman?
In my opinion, one person may not simultaneously serve as a commissioner of a municipal sewer improvement district and as a member of the city council. While I can find no constitutional or statutory prohibition against this dual office-holding,[1] the common law doctrine of incompatibility of offices would appear to preclude it.
Under the common law doctrine of incompatibility, one person is generally prohibited from holding two offices, one of which is subordinate to the other or subject in some degree to the other's supervisory power. See Tappan v. Helena Federal Savings Loan Assoc., 193 Ark. 1023, 104 S.W.2d 458 (1937). In Tappan, the Arkansas Supreme Court held that the office of commissioner of an improvement district and the office of city councilman are incompatible and cannot be held by the same person. The court noted that the city council has the power to remove improvement district commissioners from office. See A.C.A. 14-88-305 (1987). The council also appoints the commissioners to office. See A.C.A.14-88-301 (1987). The relationship between these two offices thus renders them incompatible under Arkansas law and incapable of being held by the same person simultaneously.
Your second question is:
 Can a councilman be appointed to a mayoral vacancy with two aye votes from the council?
In my opinion, the answer to this question is "no." While it is apparently permissible for a council member to be appointed to fill a vacancy in the mayor's office in a city of the second class, see A.C.A. 14-42-103(b) (1987), the vacancy must be filled by a majority vote of the aldermen, and the council member in question may not vote on his own appointment. See A.C.A. 14-44-106 and 14-42-103 (1987). See also Opinion No.93-286. As it is my understanding that Diamond City has six council members, two votes would not be sufficient to fill the vacancy. That number would not even constitute a majority of a quorum of the whole council, which is always required to fill a vacancy in a municipal office. See A.C.A. 14-42-103(a).
Your third question is:
 Referring to the 1993 Cumulative Supplemental Volume 10 of Arkansas Code of 1987 Annotated Chapter 94 (page 37), can any of the statutes in Chapter 94 (Municipal Property Owners' Imp. Dist. Law) be applicable to our Municipal Sewer Improvement District (see publishers note)?
Arkansas Code Annotated Sections 14-94-101 to -128 (Supp. 1993) provide a method for small groups of municipal property owners to form an improvement district. The statement in the publisher's note following those provisions indicating that they are supplemental to other laws concerning municipal improvement districts does not, in my opinion, mean that the provisions are applicable to all improvement districts. It simply means that the provisions do not affect existing laws governing municipal improvement districts. In my opinion,14-94-101 to -128 are only applicable to improvement districts actually formed thereunder.
Your fourth question is:
 Regarding the City Attorney also representing the Sewer Improvement District as per 14-88-106, a previous opinion from the Attorney General said that the Improvement District might engage its own attorney if there is a conflict of interest. What circumstances might constitute a conflict of interest?
Arkansas Code Annotated Section 14-88-406 (1987) provides that in all second-class cities and incorporated towns, the city attorney shall be the attorney for the boards and commissioners of all local improvement districts within the city or town. See also Water Improvement District No. 1 v. Briner, 185 Ark. 742,48 S.W.2d 1104 (1932). In Opinion No. 87-451, a copy of which is enclosed, this office intimated that the city attorney might not participate in a particular instance as counsel for the improvement district if a conflict of interest were presented, such as if the city and the improvement district were adverse parties in a case. A conflict might also be presented whenever the interests of the city and the improvement district are adverse in a situation in which both need the representation of an attorney. Of course, as a general rule, determinations regarding conflicts of interest must be made on a case by case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] I have previously opined that while A.C.A. 14-42-107(a)(2) (1987) would preclude a city council member from being appointed to a municipal office, such as the one proposed, it would not appear to prohibit the converse, that is, a municipal officer such as a sitting improvement district commissioner from taking office as a city council member. See Opinion No.92-273.