## HODGES et al. vs. FRAZIER.

1. PRACTICE: *Guardian ad litem, appointment of, etc.*
   It is not proper to appoint an attorney *ad litem* for minor defendants, the court should in such cases, after service, appoint a guardian *ad litem*.
2. PRESUMPTION: *Misprision, etc.*
   Where the record shows an order of the court below appointing an attorney *ad litem* for non-resident minor defendants, the court will not, therefore, presume that there were minors in the case, in the absence of allegations in the pleadings to that effect, but will treat it as a misprision.
3. JURISDICTION: *Acquired by appeal.*
   When a party appeals to this court, he thereby enters his appearance, and the court, as to subsequent proceedings, acquires jurisdiction of his person.

APPEAL from *Crittenden* Circuit Court in Chancery.

Hon. M. L. STEPHENSON, Circuit Judge.

*Rice, Rice & Winfield,* for appellants.

*Rose,* for appellee.

S. W. WILLIAMS, SP. J.:

On the 12th day of October, 1871, B. H. Frazier filed his complaint in equity, in the Crittenden Circuit Court, against Reuben S. Chick and B. M. Hodges as administrator of the estate of Daniel Hughes deceased. In the complaint Frazier states that in 1858, the plaintiff agreed by parol to convey to Daniel Hughes, since deceased, being unmarried and without issue, certain lands described in the complaint, for the sum of nine hundred dollars, for which Hughes gave his note. That on the death of Hughes, Hodges was appointed his administrator in Arkansas; before he died Hughes sold the land to Chick, who was in possession under his purchase at the time this suit was brought. That plaintiff had tendered a deed for the land, both to Hughes, and to his administrator, and prayed that his vendor's lien on the land might be foreclosed. On the 11th day of April 1872, a decree was rendered in favor of the appellee, Frazier, in accordance with the prayer of his complaint. Which decree recites that the deed from Frazier for the land was brought into court. From this decree Chick appealed to this court on the 7th day of May, 1872.

On the 3d day of December, 1872, error was confessed by Frazier in this court, and the decree was reversed, and the cause remanded, with leave for appellee to amend his complaint.

On the return of the case, the appellee amended his complaint and made the heirs of Hughes parties defendant. They being non-residents, and all (as far as the record before us shows) adults; a warning order was made and published, in due form. An order was entered appointing R. F. Crittenden attorney for the non-resident and, the record states, "minor," defendants, which latter statement is clearly a clerical misprision, for no minor defendants appear in the case, and the argument of appel-lant in reference to this point must fail. If it were true that there were minor defendants, then it would not have been proper

to have appointed an attorney for them at all. But instead, a guardian *ad litem*, who, it is true, should be some one skilled in the law, and capable of defending, and this appointment should not have been made until after service on the minor.

We cannot presume, on this record, in the face of what was done, merely from the words minor defendants appearing alone in the order appointing Crittenden attorney for the non-resident "minor" defendants, that therefore there were minors, in the absence of any allegation or statement to that effect in the pleadings.

The record before us shows that Asa Hodges, the agent of B. M. Hodges, had gotten hold of the orignal papers and had taken them from the clerk's office, and by some means they had become lost. And the complaint was supplied by copies from the transcripts in this court, and a final decree was rendered in favor of appellee.

The defendants appealed to this court and here argue, that Chick being a non-resident no affidavit of the fact appears to authorize a warning order against him.

Whether such affidavit was lost with the original papers does not appear. It is not material, Chick having appealed to this court from the original decree which was reversed, he thereby became a party to the proceedings and must follow the cause to its conclusion, or take the consequences.

The only remaining objection urged by appellants, which it is deemed necessary to notice, is that the deed which Frazier tendered and filed originally in the court below, is not incorporated in the transcript.

As no motion was made in court below as to this deed, which was presented for the inspection and order of that court, and for its satisfaction, and formed no necessary part of the record as an exhibit, or in any other mode known to the law, it was no part of the record.

Hodges et al. vs. Frazier.

And as the defendants made no question as to its sufficiency, in the court below, it would be too late certainly to make it here.

On a sale, the title of all parties to the suit will pass under the commissioner's deed. But if further assurances are necessary, the cause will be returned for the purpose of executing the decree, when the court below can take all steps—if any should be deemed necessary to assure the title to the purchaser by deed from Frazier or otherwise, before paying over to him the purchase money, and if defendants redeem, can direct a deed to be made before the money is paid out of court.

It is urged here that the complaint was not sworn to.

Whether this objection is not too late, being raised here for the first time, is a question which it is not necessary to decide. For it appears that Frazier swore to his original complaint on the 12th day of December, 1871, and before the first decree was rendered.

The amended complaint, which brought in Hughes' heirs, has no affidavit to it, except that of the non-residence of Hughes' heirs, and that they were such heirs.

This defect should have been pointed out in the court below, if indeed it be one in substance, and could have been there corrected by amendment.

When the original complaint, containing all the substantial facts necessary to support the, decree was duly sworn to, we cannot reverse the case for this, when we find an affidavit attached to the amended complaint, which states that the new parties were heirs of Hughes and non-residents of the State, and their allegations are all of the amended complaint, which are new or materially different from the sworn statements of the original bill.

The decree of the Circuit Court of Crittenden County is affirmed.