T. J. Moss Tie Company *v.* Miller.

Opinion delivered November 2, 1925.

1. COURTS—AMENDMENT OF JUDGMENT.—Courts of record have complete control over their judgments and decrees during their respective terms, and when for good cause a judgment is revised or modified, the record stands precisely as if no such mistaken or erroneous judgment had ever been rendered.

2. COURTS—AMENDMENT OF RECORD.—While the circuit court had control of its judgment during the term, it could only revise or set it aside for good cause shown, and where plaintiffs dismissed its cause of action as to one of two defendants in the circuit court, on appeal from a justice's court, it was error, after the judgment of dismissal, to render judgment on the appeal bond against such defendant, as if he were surety for the other defendant.

3. Dismissal and nonsuit—prejudice.—The dismissal of a suit before submission on the merits must, in the absence of proof to the contrary, be presumed to have been without prejudice.

4. Liens—purchase subject to.—One who purchases personal property with knowledge that it is subject to a laborer's lien takes in subordination thereto.

Appeal from St. Francis Circuit Court; *E. D. Robertson,* Judge; reversed as to T. J. Moss Tie Co., affirmed as to United States Fidelity & Guaranty Co.

### STATEMENT OF FACTS.

S. A. Miller, J. H. Sheehan and L. E. Raines instituted separate actions before a justice of the peace against E. A. Bryant to assert a laborer's lien on certain railroad ties alleged to have been made by each plaintiff for the defendant.

An amended complaint was filed in which it was alleged that the T. J. Moss Tie Company had purchased the ties which were attached by the plaintiffs in the action, with notice of the lien of the plaintiffs.

The said T. J. Moss Tie Company was duly served with process and became a defendant in each action. Judgment was rendered in favor of each plaintiff against said defendants.

An affidavit for appeal was filed in each case by E. A. Bryant and the T. J. Moss Tie Company. A bond for appeal was given in each case which reads as follows:

"We, the undersigned, E. A. Bryant and T. J. Moss Tie Company as principals and United States Fidelity & Guaranty Company, of Baltimore, Maryland, as surety acknowledge ourselves jointly and severally held and bound unto S. A. Miller in the sum of $175, but on condition:

"That if the defendants shall prosecute their appeal with due diligence to a decision, and if on appeal the judgment of the justice be affirmed, or if on trial anew in the circuit court judgment be given against the said defendants, then they shall pay such judgment, and, if the appeal be dismissed, they shall pay the judgment of the justice together with the costs of the appeal; then

and in that event this obligation shall be null and void, but otherwise to be and remain in full force and effect. This 5th day of February, 1924."

The bond was signed by E. A. Bryant, T. J. Moss Tie Company, and the United States Fidelity & Guaranty Company.

In the circuit court the plaintiff in each case voluntarily dismissed his cause of action against the T. J. Moss Tie Company. Judgment was entered in favor of the plaintiff in each case against E. A. Bryant and the United States Fidelity & Guaranty Company. At the same term of the court, the judgment in each case was set aside, and the circuit court found that the plaintiffs in each case was entitled to judgment against E. A. Bryant in the sum sued for, and that the United States Fidelity & Guaranty Company and T. J. Moss Tie Company were bound as sureties on the appeal bond according to its terms.

It was therefore by the court considered and adjudged that the plaintiff in each case have and recover of E. A. Bryant and T. J. Moss Tie Company and the United States Fidelity & Guaranty Company, as sureties on his appeal bond, the sum sued for.

From the judgment rendered an appeal to this court in each case has been taken by the T. J. Moss Tie Company and the United States Fidelity & Guaranty Company. Separate transcripts were filed in this court; but by agreement of counsel it has been ordered that the three appeals be consolidated.

*C. W. Norton* (for Moss Tie Co.), *Mann & Mann* (for U. S. F. & G. Co.), for appellants.

*S. S. Hargraves* and *Jno. M. Prewett,* for appellee.

Hart, J., (after stating the facts). It is the settled public policy of this State that during their respective terms courts of record have complete control over their judgments and decrees, and may review and correct any mistakes or errors into which they may have fallen during the term. When for good cause shown the judgment is reversed or modified, the record stands precisely as if no such mistaken or erroneous judgment had ever

been entered. *Underwood* v. *Sledge,* 27 Ark. 295; *Hawkeye Tire & Rubber Co.* v. *McFarlin,* 146 Ark. 491, and cases cited; and *Dawson* v. *Mays,* 159 Ark. 331.

It does not follow, however, that the court had a right to set aside its original judgment and render a new judgment against the T. J. Moss Tie Company. The plaintiffs sued E. A. Bryant to assert a laborers' lien on certain ties which they had made for him. T. J. Moss Tie Company was made a defendant to the action on the ground that it had purchased the ties from Bryant with notice of their liens. Judgment was rendered against both defendants in the justice's court. An appeal bond was duly executed by them with the United States Fidelity & Guaranty Company as surety. In the circuit court the plaintiffs elected to dismiss their cause of action against the T. J. Moss Tie Company and to take judgment against E. A. Bryant and the United States Fidelity & Guaranty Company as the surety on his appeal bond. This they had the legal right to do. Under our statute in all cases of appeal from a justice of the peace, if the judgment of the justice be affirmed, or if, on a trial anew in the circuit court, the judgment be against the appellant, such judgment shall be rendered against him and the surety on his appeal bond. Crawford & Moses' Digest, § 6531.

While the circuit court had control of its judgment during the term, it could only revise or set it aside for good cause shown. The court set aside its original judgment because it believed that the T. J. Moss Tie Company was a surety on the appeal bond of E. A. Bryant, and that it was its duty, under the provisions of the statute just referred to, to render judgment against it as a surety on the appeal bond.

The circuit court was of the opinion that under the terms of the appeal bond the T. J. Moss Tie Company was a surety on it. We do not agree with the circuit court in this conclusion. It seems to us that Bryant and the T. J. Mose Tie Company were principals in the bond, and that the United States Fidelity & Guaranty Company

alone was the surety. The plaintiffs, having elected to voluntarily dismiss their cause of action against the T. J. Moss Tie Company, could not, after the judgment of dismissal, have that judgment set aside without a proper showing. No such showing was made as to the T. J. Moss Tie Company, and it follows that the court erred in setting aside the dismissal as to it and allowing a reinstatement of the cause of action against it.

It follows that the judgment must be reversed as to the T. J. Moss Tie Company with directions to the court to dismiss the cause of action against it.

It is claimed by counsel for the United States Fidelity & Guaranty Company that, if the court erred in setting aside the judgment of dismissal as to the T. J. Moss Tie Company, it necessarily results in a reversal of the judgment as to it. They invoke the well known rule that a surety is released by discharge of his principal. They claim that the T. J. Moss Tie Company was released from all liability in the action by the voluntary dismissal by the plaintiffs of their suit against it; and that this released the surety company as its surety.

The original judgment recites that the plaintiff by his attorney dismisses the cause of action as to the T. J. Moss Tie Company. This recital is contained in the original judgment in the circuit court in each case. There is nothing whatever in the record to indicate that it was intended that the dismissal should be with prejudice.

Under our statute the dismissal of a suit before submission on its merits must, in the absence of proof to the contrary, be presumed to have been without prejudice to the right to renew it. *Jones* v. *Graham*, 36 Ark. 383.

The record shows that the plaintiffs had separate claims of liability against Bryant and the T. J. Moss Tie Company. They had an account against Bryant for making ties for him and were asserting a laborers' lien on the ties under the statute. The T. J. Moss Tie Company had purchased the ties from Bryant with knowledge of the lien of the plaintiffs. Under this state of facts,

judgment was properly rendered against each of the defendants.

It is true that they joined in one appeal bond; but this they had a right to do under the statute. The United States Fidelity & Guaranty Company became the surety of each of the principals and by the conditions of the bond, which was in the language of the statute, became liable to pay whatever judgment was rendered in the circuit court against either of the defendants. Bryant had no defense to the action of the plaintiffs, and, under the section of the statute referred to, the court properly rendered judgment in each case in favor of the plaintiffs against Bryant and the United States Fidelity & Guaranty Company, the surety on his appeal bond. The fact that the plaintiffs dismissed their cause of action against the T. J. Moss Tie Company did not in any manner affect the liability of the surety company on the appeal bond of Bryant.

It follows that the judgment as to the United States Fidelity & Guaranty Company must be affirmed.