UNION & PLANTERS' BANK & TRUST COMPANY *v.* POPE.

## Opinion delivered April 16, 1928.

1. MORTGAGES—JURISDICTION TO SET ASIDE CONFIRMATION ORDER.— The chancery court had jurisdiction of a motion to set aside an order confirming a foreclosure sale, made on an adjourned day at the same term of court at which confirmation of the sale of lands had been made.

2. MORTGAGES—WHEN FORECLOSURE SALE FRAUDULENT.—While mere inadequacy of price will not justify the chancery court in refusing to approve a foreclosure sale, yet, if the purchaser has been guilty of any unfairness or has taken any undue advantage, the sale will be regarded as fraudulent and will be set aside.

3. MORTGAGES—INADEQUACY OF PRICE IN FORECLOSURE SALE.—Great inadequacy of price in the foreclosure sale requires only slight circumstances of unfairness by the party benefited by the sale to raise a presumption of fraud.

4. JUDGMENT—CONTROL OF COURT DURING TERM.—A court has the power to set aside or modify its decrees at any time during the term, and this rule applies to an adjourned day of the term.

5. APPEAL AND ERROR—HARMLESS ERROR.—The action of the chancery court in setting aside a foreclosure sale without giving notice of the application to the purchaser *held* not to constitute reversible error, where the circumstances established the mortgagor's rights to have the sale set aside, as such notice was not a prerequisite to the exercise of the court's jurisdiction.

6. APPEARANCE—EFFECT OF TAKING APPEAL.—An appeal by a purchaser at a foreclosure sale from the action of the court in setting aside the sale has the effect of entering his appearance to the application to set aside the sale.

7. COSTS—DISCRETION OF COURT IN CHANCERY.—Costs in chancery cases are within the discretion of the court.

Appeal from Crittenden Chancery Court; *J. M. Futrell,* Chancellor; affirmed.

Union & Planters' Bank & Trust Company and Henry Craft, trustee, brought this suit in equity against J. H. Pope and his wife, Lady P. Pope, and T. A. Pope to foreclose a mortgage on certain real estate situated in Crittenden County, Arkansas, to secure the indebtedness of J. H. Pope in the sum of $30,000.

The record shows that on the 16th day of March, 1921, J. H. Pope executed a mortgage on said real estate to Henry Craft, trustee, to secure the sum of $30,000, evidenced by a promissory note. On the 30th day of March, 1901, J. H. Pope and Lady P. Pope had conveyed to Thomas A. Pope a one-half undivided interest of a one-half undivided interest in said land. On the 30th day of March, 1921, T. A. Pope executed a mortgage on said lands to secure the note of J. H. Pope above referred to in the sum of $30,000. The mortgage contains the following:

"And the said T. A. Pope hereby covenants with the said Henry Craft, trustee, that he will forever warrant and defend the title to said lands against all lawful claims whatever, except an interest in said land to the extent and value of $4,000, which the said Pope reserves from this conveyance, and except the claim of Clara Spates to a life estate in and to the southwest quarter of the northeast quarter of section 14, township 6 north, range 8 east."

On the 2d day of June, 1924, a decree of foreclosure was entered of record in said suit. The decree recites that the case was heard on the complaint of the plaintiff, together with the exhibits thereto, and the original note sued on, and the answer of Lady P. Pope and the separate answer of J. H. Pope. The decree also recites service of summons by a certified copy of the complaint upon T. A. Pope at Franklin, Tennessee. It was decreed that the plaintiff should recover of J. H. Pope $33,439.59, and it was also decreed that the land should be sold in satisfaction of said sum.

A sale was duly had of said lands by a commissioner appointed for that purpose on March 14, 1927, and the Union & Planters' Bank & Trust Company became the purchaser of the land at the sale for the sum of $140. Union & Planters' Bank & Trust Company was the plaintiff in the suit, and was the owner of the note by J. H. Pope for $30,000, said note having been transferred to it in due course of business. No exceptions were filed to the report of sale, and it was in all things approved and confirmed by the chancery court on March 21, 1927, which was a day of the March term, 1927, of the Crittenden Chancery Court.

On the 21st day of March, 1927, the deed from the commissioner to the Union & Planters' Bank & Trust Company was presented in open court, and, upon examination, was in all things approved. This was also on a day of the March term, 1927, of the Crittenden Chancery Court.

On June 25, 1927, T. A. Pope filed a motion to set aside the sale of said land. In support of the motion he alleged that, under the terms of the trust deed, which is a part of the record in the case, T. A. Pope reserved an interest to himself in said lands of $4,000, and that he is ready to make the land bring that amount or more at a resale of the land. He alleges that his interest reserved in said land is a superior lien to the claim of the plaintiff. Therefore he prays that the sale and order of confirmation as to the interest of T. A. Pope in said land be set aside and that he be given an opportunity to assert his rights.

On the 25th day of June, 1927, the following order was entered of record:

"Union & Planters' Bank & Trust Company, plaintiffs
    v. J. H. Pope et al., defendants.—No. 2960—Order.

"On this the 25th day of June, 1927, being an adjourned day of the March term, 1927, of this court, there came on for hearing the motion of T. A. Pope, a nonresident defendant in this cause, who had hereto-

fore not appeared in person or by attorney and on whom no actual process had been served, to set aside the sale of his interest in the lands described in the complaint, which sale was made on March 14, 1927, and confirmed by this court on March 21, 1927, by decree recorded in minute book N, at page 156, and acknowledgment appearing of record on page 157 of said minute book, and, the court having considered same, it is hereby ordered and decreed that said order of confirmation of said sale and acknowledgment of delivery of deed to the Union & Planters' Bank & Trust Company of the interest of said T. A. Pope in the land described in the complaint filed in this cause, be and the same is hereby set aside. Ordered and decreed this 25th day of June 1927."

The Union & Planters' Bank & Trust Company appeals to the Supreme Court to reverse this order or decree.

*B. J. Semmes,* for appellant.

*R. H. Crockett* and *J. T. Coston,* for appellee.

HART, C. J., (after stating the facts). The order appealed from was made on an adjourned day of the same term of the court at which a confirmation of the sale of the lands in which T. A. Pope had an interest was made. Hence the court had jurisdiction in the matter. *Wofford* v. *Young,* 173 Ark. 802, 293 S. W. 725.

The record shows that T. A. Pope owned the fee simple title to an undivided one-fourth interest in 1,360 acres of land which were embraced in the mortgage foreclosed. The consideration recited in his deed was $4,000, and the deed was executed to him on the 30th day of March, 1901, which was 27 years ago. Lady Pope, the wife of J. H. Pope, does not appear to have signed the mortgage. The mortgage was given to secure an indebtedness of $30,000 of her husband. This tends to show that the interest of T. A. Pope in said lands was worth much more than the sum of $140 for which the lands were bid in at the foreclosure sale by the plaintiff. In addition thereto, the mortgage executed by T. A. Pope

contains an express exemption of an interest in said lands to the extent and value of $4,000. This indicates that the parties at the time believed that the interest of T. A. Pope in said lands was worth more than $4,000, and the legal effect of the clause was to reserve in said T. A. Pope the sum of $4,000 at the foreclosure sale of his interest in said land. In other words, if the lands did not sell for more than $4,000, no legal sale of them could be made under the mortgage, for T. A. Pope had expressly exempted from sale his interest to the value of $4,000.

While this court has held that mere inadequacy of price will not justify a chancery court in refusing to approve a sale and deprive a purchaser of the benefits of his purchase, yet, if a purchaser has been guilty of any unfairness or has taken any undue advantage, the sale will be regarded as fraudulent, and the party injured will be permitted to set aside the sale. Great inadequacy in price requires only slight circumstances of unfairness in the conduct of the party benefited by the sale to raise the presumption of fraud. *Stevenson* v. *Gault,* 131 Ark. 397, 199 S. W. 112, Ann. Cas. 1918E, 433; *Moore* v. *McJudkins,* 136 Ark. 292, 206 S. W. 445; *Chapin* v. *Quisenberry,* 138 Ark. 68, 210 S. W. 641; and *Wofford* v. *Young,* 173 Ark. 802, 293 S. W. 725. In *Schroeder* v. *Young,* 161 U. S. 334, 16 S. Ct. 512, 40 L. ed. 721, the rule is stated that, where there is great inadequacy of price, coupled with circumstances tending to show that the land was sold in such manner that its full value could not be realized, the court is justified in setting aside the sale. Here there was notice, by the terms of the mortgage itself, that T. A. Pope had excepted from its provisions an interest in the land to the value of $4,000. Hence, under the circumstances described by the record, the chancellor was justified in setting aside the sale of the interest of T. A. Pope in said land; and it was his duty to have done so if proper notice of the application had been made.

Counsel for appellant seek to obtain a reversal of the order setting aside the sale on the ground that no notice of the application to vacate the sale was given to the Union & Planters' Bank & Trust Company, under the rule laid down by this court in *Miller* v. *Henry,* 105 Ark. 261, 150 S. W. 700, and the general rule announced in an annotation·to that case in Ann. Cas. 1914D, 758. It is true that, under the authorities there announced, notice should have been given to the purchaser of the application to vacate the sale after it had been confirmed. But, under the circumstances, this action of the court is only, in general, reversible error, and was not a prerequisite to the exercise of jurisdiction by the court. It is well settled in this State that a court has the power to set aside or modify its decrees at any time during the term, and this rule applies to an adjourned day of the term. *Wofford* v. *Young,* 173 Ark. 802, 293 S. W. 725.

Under the circumstances of this case, however, we do not think this error of the chancery court constitutes reversible error. The Union & Planters' Bank & Trust Company was the plaintiff in the case, and, as such, was a party to the suit before it became a purchaser at the foreclosure sale. It does not make any difference whether T. A. Pope was legally served with summons in the mortgage foreclosure suit or not. He became a party to this proceeding by moving to set aside the sale under the foreclosure decree. While no notice was given to the Union & Planters' Bank & Trust Company of the application of T. A. Pope to set aside the sale under the foreclosure decree and the confirmation thereof, the court did set aside said sale, and had the jurisdiction to do so. An appeal has been taken only from the action of the court in setting aside the sale, and the appeal to this court has the effect of entering the appearance of the Union & Planters' Bank & Trust Company to the application to set aside the sale. Having appealed to this court, the plaintiff became a party to the proceeding, and must follow the cause to its conclusion or take the consequences. *Hodges* v. *Frazier,* 31 Ark. 58; *Ben-*

*jamin* v. *Birmingham,* 50 Ark. 443, 8 S. W. 183; *Walker* v. *Walker,* 147 Ark. 376, 227 S. W. 762; and *Lingo* v. *Swicord,* 150 Ark. 384, 234 S. W. 264.

Under the views we have expressed above as to the rights of T. A. Pope under the reservation or exception in his mortgage, he would have been bound to prevail if notice had been given to the plaintiff of his application to set aside the sale. Hence no useful purpose could be served by reversing the order setting aside the sale and remanding the cause, with directions to the chancery court to set aside the sale upon the facts established. This would be an empty victory for the plaintiff, and could result in no useful purpose.

The costs in a chancery case are within the discretion of the court, and it is our opinion that the costs of the appeal should be paid by the plaintiff, who is the appellant in the case.

Argument is made by counsel for appellant as to estoppel which should apply to Lady P. Pope. We do not deem it necessary to discuss or to determine this issue, for it is not involved in this appeal. No appeal was taken by Lady P. Pope, and the appeal of the plaintiff does not in any wise affect her rights in the premises. The record expressly shows that the plaintiff only appealed from the decree of the chancellor in setting aside the foreclosure sale in so far as it affected the interest of T. A. Pope.

Therefore the decree will be affirmed.