FREE v. HARRIS.

Opinion delivered April 21, 1930.

*E. W. Brockman,* for appellant.

*R. W. Wilson,* for appellees.

McHANEY, J. Appellees are the widow and heirs at law of W. H. Harris, now deceased. In January, 1927, W. H. Harris and Julia Harris, his wife, executed and delivered a note, secured by deed of trust on 220 acres of land, to O. P. Schnyder for an indebtedness amounting to $4,525.30 at the date of foreclosure, June 17, 1929. The deed of trust contained provisions by which dower and homestead were released, and waived the right of appraisement and redemption under the laws of this State. In December, 1927, Will Harris died intestate, leaving surviving him the appellees, the widow and five children, four of whom are minors. Julia was appointed administratrix of said estate.

The indebtedness represented by the note and deed of trust not having been paid, foreclosure proceedings were begun in November, 1928, in which the widow and all the heirs were made defendants. Guardian *ad litem* was appointed for the minor defendants, who filed answer for them in January, 1929. The widow made no defense. On June 17, 1929, the complaint was amended so as to make the administratrix a party, and on the same day she filed an answer admitting the plaintiff's lien, and that it was prior to her claim as administratrix, and consenting that decree might be taken at any time. On the same day, June 17, decree was entered giving judgment against Julia Harris in the sum of $4,525.30 and costs, which was declared a first lien on the 220 acres of land. A sale of the land was ordered, a commissioner being appointed for this purpose, if the judgment should not be paid in five days, after advertisement, and upon terms fixed by law. A sale was had pursuant to the terms of said decree on July 31, 1929, and appellant, Free, being the highest bidder, became the purchaser on a bid of $7,000. Several other bidders were present, including Mr. C. H. Holthoff, who bid up to $6,600 for the land. The concluding clause in the decree is, "That the court does retain jurisdiction of this cause for the purpose of mak-

ing such other and further orders as may be necessary for the protection of the rights of the parties hereto, and such others as may become proper parties.''

Thereafter, on September 24, 1929, nearly two months after the sale to appellant, but before report of sale and confirmation, Julia Harris, as administratrix of said estate, filed ''motion to set aside commissioner's sale and to permit redemption,'' in which it is alleged that the land was sold for an inadequate price, being worth $12,-500; that only the homestead and dower interest of Julia Harris were sold; that she, as administratrix, was able, ready and willing to pay Schnyder his judgment, interest and all court costs, which amount she tendered in open court. She therefore prayed that the sale be set aside, confirmation be denied, and that she, as administratrix, be permitted to redeem. The court granted the prayer of this motion, and the purchaser at the sale has appealed from this latter decree.

It will be seen that the only ground alleged for setting aside the sale and refusing confirmation was the inadequacy of the price for which the sale was made. There is no allegation of fraud or other inequitable conduct attendant upon the sale, and the court specially found from the evidence adduced on the motion that ''there was no fraud or unfairness in the conduct of the sale,'' which finding is supported by all the evidence. Mere inadequacy of consideration, however gross, unaccompanied by fraud, unfairness or other inequitable conduct in connection with the sale, is of itself insufficient to justify the court in setting the sale aside and refusing confirmation. *Marten* v. *Jirkovsky*, 174 Ark. 417, 295 S. W. 365; *Alexander* v. *American Bldg. & Loan Assn.*, 180 Ark. 251, 21 S. W. (2d) 156, and cases cited in both. In *Marten* v. *Jirkovsky, supra,* this court quoted from *George* v. *Norwood*, 77 Ark. 216, 91 S. W. 557, 113 Am. St. Rep. 143, 7 Ann. Cas. 171, the following: ''When a sale is made in all respects according to the terms of the decree, and neither fraud, mistake nor misrepresentation can be alleged against it, the faith of the

court is pledged to ratify and perfect it. * * * There is a uniform current of decisions settling that official sales will not be opened on mere representations that more may be obtained for the property. This well known practice is in accord with the policy of our law respecting such sales, which are required to be made after advertisement sufficient to give publicity, by public outcry, to the highest bidder. It is of the greatest importance to encourage bidding by giving to every bidder the benefit of bids made in good faith and without collusion or misconduct, and at least when the price offered is not unconscionably below the market value of the property. Nothing could more evidently tend to discourage and prevent bidding than a judicial determination that such a bidder may be deprived of the advantage of his accepted bid whenever any person is willing to give a larger price. The interest of owners in particular cases must give way to the maintenance of a practice which, in general, is in the highest degree beneficial.''

While it is alleged that the sale price was inadequate, the preponderance of the evidence is that such is not the case. Mr. Holthoff and others testified that the land was worth $45 to $50 per acre, but on cross-examination admitted that $7,000 was a fair price. Appellant testified that his bid was all the land was worth, and the reason he wanted to buy was that it joined his land, and he would get the benefit of the trade from the tenants thereon. He also said that since $7,000 was the full value of the land, he would not lose anything if the sale were set aside. Whatever he may have meant by that remark, he is here insisting on his rights as purchaser. Therefore, we find and hold that the consideration was not only not grossly inadequate, but that it was fair and reasonable.

Counsel for appellees seek to uphold the decree on several grounds:

1st. That, under the decree of foreclosure, only the dower and homestead rights of Julia Harris were sold. The decree gave judgment against Julia Harris only,

and ordered a sale of the land in satisfaction thereof. No judgment was taken against the heirs, and properly so, as they did not execute the note. The amount of the judgment was declared to be a first lien on the land, for the satisfaction of which a sale was ordered. We are therefore of the opinion that the whole title passed by the sale, and not merely the dower and homestead rights of the widow, as the deed of trust conveyed the whole title as security for the debt.

2nd. That the foreclosure decree was premature by reason of the provisions of § 1288, C. & M. Digest. All the parties to the action were served, and had answered more than 90 days or were in default before the decree, except the administratrix. She answered that she had no claims prior to the lien of the plaintiff and consented of record that decree be taken at once. She cannot therefore complain now because she consented then for an immediate decree.

3rd. The inadequacy of the price bid has already been discussed. Julia testified that she thought the mortgage covered only a part of the land, and that 40 acres were left out. But she does not say that appellant or any one else connected with the sale so advised her. She knew of the suit, was served with summons, filed an answer as administratrix, knew the land covered by the deed of trust was to be sold, and herself signed the deed of trust.

4th. That the court had full control of the cause because of the concluding language of the decree above quoted. The court had full control to make all necessary or proper orders, but not to refuse to confirm a valid sale held pursuant to the decree, for a fair consideration, and without fraud or unfairness in the conduct of the sale. Judge BATTLE, in *Colonial & U. S. Mortgage Co.* v. *Jones,* 65 Ark. 152, 45 S. W. 60, announced the true rule, that confirmation will not be denied where "the property sold has brought its market value, and the purchaser and those conducting or controlling it have committed no

fraud, unfairness or other wrongful act injurious to the sale, and there is no occurrence, or special circumstance affording, as in other cases, a proper ground for equitable relief.''

5th. Another ground relied on is that a portion of the property is the homestead of the widow and minors, and that this fact is sufficient to justify the court in refusing confirmation. We cannot agree. The mortgage or deed of trust was signed and acknowledged by the father and mother, which they had a lawful right to do without regard to the children. As heirs and as minors, they have no. greater right than he would have if living. The homestead right was released, and the right to redeem waived.

6th. It is finally said appellant has suffered no loss, according to his own testimony. This may or may not be true if the decree appealed from is permitted to stand. Be that as it may, as we have already shown, appellees have shown no ground why confirmation should be denied.

The decree is therefore reversed, and the cause remanded with directions to overrule the motion, confirm the sale on the payment of the sum bid with interest. Costs will be adjudged against the appellees.

HUMPHREYS and MEHAFFY, JJ., dissent.