UNION SAWMILL COMPANY v. LANGLEY.

4-3225

Opinion delivered December 4, 1933.

*Gaughan, Sifford, Godwin & Gaughan,* for appellant.

*J. V. Spencer* and *McNalley & Sellers,* for appellee.

MEHAFFY, J. The appellee, G. W. Langley, as guardian of G. W. Langley, Jr., a minor ten years of age, filed in the Ouachita Circuit Court a complaint against the appellant, alleging that on September 21, 1932, the said G. W. Langley, Jr., sustained an injury while riding on a truck belonging to the appellant, and in charge of one of the employees of appellant, by reason of the carelessness and negligence of the driver of said truck; that G. W. Langley, Jr., was a child of tender years, and permitted to ride on said truck by the employee of appellant, and that said G. W. Langley, Jr., was without discretion; that the seat of the truck on which he was permitted to ride was nothing more than a board without any sides or other means of preventing the persons sitting thereon from falling off of said seat; that the seat was only as wide as the body of the truck, and there were no fenders on the back wheels of said truck; that the truck was unsafe for a child of the age and experience of G. W. Langley, Jr. Other acts of negligence were alleged, and damages were prayed in the sum of $500.

Answer was filed, denying all the allegations of the complaint, some evidence was taken, and it was shown that the parties had agreed on a settlement of $500, and judgment was entered accordingly. The $500 was paid to the guardian, and satisfaction was entered on record.

Thereafter, on April 4, 1933, during the same term of court, a motion was filed by the appellee to set aside the judgment for $500. The evidence shows that the appellee lives in Union County, and the appellant also is located in Union County, and has no place of business in Ouachita County; that, prior to the time of filing the

complaint in the Ouachita Circuit Court, appellee had already, by written contract, employed an attorney in Union County to bring suit for damages against the appellant; that the manager of appellant sought to compromise the claim for damages, and secured an agreement with G. W. Langley to settle the damages for $500. Thereupon, a representative of the appellant took G. W. Langley to the probate court in Union County, where the said G. W. Langley was, by the probate court, appointed guardian for G. W. Langley, Jr., the appellant's representatives arranging for the bond of Langley as guardian. The appellant's representatives then took Langley to Camden, in Ouachita County, where the complaint and answer were filed, and judgment had for the $500. The attorneys for appellant prepared the complaint for appellee, and prepared the answer, and told Langley that he would have to be represented by some attorney, and introduced him to Mr. Bower, a practicing lawyer at Camden. The facts with reference to the agreement and settlement were stated to Mr. Bower, and he signed the complaint for the plaintiff. He was in the court room when the evidence was taken, but he took no part in the proceedings, the attorneys for the appellant examining the witnesses, and making the statement to the court.

The undisputed evidence shows that, before the parties went to Camden, and before the appointment of Langley as guardian, Langley told the representatives of the appellant that he had employed an attorney, and the representatives of the appellant told him they would not settle with the attorney, but would settle with him.

Langley testified that he wanted to see his attorney, and the representatives of the appellant would not agree for him to do this. This is disputed by the appellant's witnesses. They admit that he told them about his attorney, but testify that they did not prevent him from seeing his attorney.

Among other things, the court, in its judgment setting aside the former judgment, said: "The court, being now well and sufficiently advised, doth find that the judgment heretofore entered herein at this term of the court should be set aside."

The court also in its order, after setting aside the judgment, stated that the cause was reinstated upon the docket. The appellants objected and excepted to this. The appellee then moved the court for permission to enter a voluntary nonsuit, and said motion was by the court granted, and the cause was dismissed without prejudice, and the appellant excepted.

We agree with the appellant that there is no law that forbids or prevents any one from settling or compromising with his adversary, without consulting his attorney. However, if the court believed that appellee was prevented from consulting his attorney, or even if the court believed that he was not prevented, but the appellant's agents simply told him that they would settle with him and not his attorney, this, with the other evidence in the case, might lead the court to believe that the minor had not been properly represented, and, if so, of course he would set aside the judgment formerly entered.

But we think this is immaterial, because all courts of record have inherent power to vacate or set aside their judgments or orders during the term at which they are rendered. This is a power of daily exercise by courts, and its exercise within proper limitations of time and propriety, cannot be questioned. 15 R. C. L. 688; *Democrat P. & L. Co.* v. *Van Buren County,* 184 Ark. 973, 43 S. W. (2d) 1075; *Martin* v. *St. Imp. Dist. No. 349,* 178 Ark. 588, 11 S. W. (2d) 469; *Ashley* v. *Hyde,* 6 Ark. 92, 42 Am. Dec. 685; *Underwood* v. *Sledge,* 27 Ark. 295; *Wells-Fargo Co.* v. *W. B. Baker Lbr. Co.,* 107 Ark. 414, 155 S. W. 122.

We have repeatedly held that, during the term of court at which a judgment is rendered, the court has the inherent power to set aside the judgment, and it may do so without stating any cause. Appellant refers to the statute and numerous authorities, but they all refer to setting aside judgment after the term of court in which they were rendered. We know of no case, and our attention has been called to none, that prohibits a court from controlling its orders and judgments during the term in which they were entered. It therefore becomes unnecessary to set out the evidence taken on the motion to set

aside the judgment. It was proper, of course, for the court to hear evidence, if he wished to do so in order to determine whether the judgment should be set aside.

It is, however, contended by the appellant that the appellee should not have been permitted to take a nonsuit without paying back the money that had been paid. We think a complete answer to this is that no request was made by appellant for an order to repay the money until after the nonsuit was taken. It is true that the response filed by appellant shows this request. The response was permitted to be filed by the court, but the bill of exceptions shows that, before it was filed the attorney for the appellee stated: "Plaintiff desires to take a voluntary nonsuit." The attorney for the appellant said: "The court should require the money that has been paid to be returned." The court thereupon said: "If there is any way to have the money impounded, if you can impound the money, you may do so. I don't think the court has anything to do with it." After some further statements by court and counsel, the counsel for the appellant said: "We have not had an opportunity to file our response. I don't think they should be permitted to take any order until we put our response in, and see what question that is going to raise. I think we are entitled to ask, in our response, that they tender this money back that they have received." Then the court told him he could file his response, but the motion for a nonsuit had already been granted. The response had not only not been filed, but the attorney himself did not know what it would contain. He stated that he thought they were entitled to ask for a return of the money.

It should be kept in mind that the judgment had been set aside and the cause reinstated, and stood on the docket just as it did before any judgment was ever had. That is, it was a case on the docket to be tried, and the statute provides that the plaintiff may take a nonsuit before the final submission of the case to the jury or the court, where the trial is by the court. Section 1261 of Crawford & Moses' Digest.

Section 1262 of Crawford & Moses' Digest authorizes the plaintiff or his attorney to dismiss any suit pending

in any of the courts of this State, except actions of re-
plevin, in vacation in the office of the clerk on the payment
of all costs that may have accrued therein. We think
therefore there is no question but what the appellee had
a right to take a nonsuit, and the court had the right to
grant appellee's request.

It appears from appellant's response that it seeks
the recovery of the $500 paid. If that response had been
filed before the nonsuit was taken, the taking of the non-
suit by appellee, or the dismissal of his cause of action,
would not have resulted in the dismissal of the counter-
claim or set-off. This has been many times held by this
court, and we do not deem it necessary to review the
authorities. In all cases where a defendant in a suit has
filed a counterclaim or set-off, the dismissal by plaintiff
of his suit does not affect the right of the defendant to
try his counterclaim.

It appears from the record in this case that no one
knew what the response would be until after the nonsuit
was taken. If, however, the response is still pending, it
may be tried and determined by the court whether the
$500 should be returned or not.

The record, however, shows that the parties all live
in Union County, and that suit has already been filed in
that county for damages, and is now pending there, and
in that suit appellant can ask for a return of the $500.
It appears that this suit in Union County was instituted
by the attorney who had been employed by the appellee,
and was filed two days after the original judgment in
the Ouachita Circuit Court. When the attorney filed the
suit in Union County, he had not been informed of the
proceeding in Ouachita County. Whatever course may
be taken by appellant, with reference to the $500, does not
affect this appeal. If no nonsuit had been taken, the
appellant could not have appealed from the order setting
aside the judgment. *Democrat P. & L. Co.* v. *Van Buren
County, supra.*

This court has many times held that, where settle-
ments were made and releases given, after the payment
of money in settlement, the injured party could main-
tain a suit without paying back the money received in

the settlement. If the settlement was alleged to have been obtained by fraud, the money would not have to be paid back in order to maintain the suit, but on the trial he would have to show by the evidence facts sufficient to justify the setting aside of the settlement.

It is useless to cite authorities on the proposition that a settlement and release obtained by fraud will not only be set aside by the court, but we have uniformly held that the plaintiff is not required to pay the money back in order to maintain suit. So far as this minor is concerned, this judgment is nothing more nor less than a release; the only way a release could be had from the minor. A minor has as much right to maintain a suit for personal injuries without paying money back which he has received on settlement as a person of mature years would have.

This is an appeal from a judgment setting aside a judgment obtained at the same term of court. From this order there could be no appeal, because there was no judgment to appeal from. When the judgment was set aside, the court reinstated the cause; it then stood on the docket in the same manner it did before any judgment was entered.

The appellant, however, contends that the court did not find that there was any fraud. It is true he did not use the term "fraud," but he did use the following language: "Under all the evidence here, I don't think this minor has had an opportunity to present his cause of action to the court as he should have."

He also stated that, when the original judgment was rendered, there was no evidence as to the extent of the injury, and very little evidence about how it occurred, and he then says: "Whether that was due to Mr. Langley's fault, or either party's fault, or whether or not it may have been due to the haste of the court" is unimportant. "The case was taken up in between the trial of other cases." The court also said in setting aside the judgment: "I don't feel like, under all of the evidence of the hearing had that day, this minor has had a full opportunity to have his case heard."

This was the finding of the trial court after he had heard all the evidence, and, if the conduct of either party or both parties prevented the minor's cause from being fairly presented, it was a fraud perpetrated against the minor, and it would make no difference whether it was intentional or unintentional. He may or may not have a cause of action, but he has a right to have this question determined without putting any more burdens on him than we would put on a mature person.

We find no error, and the judgment is affirmed.