Lucy Lee ROBBINS *v.* Miles GUY and Ethel Ford GUY

5-4513                                              426 S. W. 2d 393

Opinion delivered April 15, 1968

*Wilton E. Steed,* for appellant.

*Joe Holmes,* for appellees.

Paul Ward, Justice. This appeal comes from a

Chancery Court order setting aside the Commissioner's sale of land in a foreclosure suit.

Miles Guy and his wife (appellees) executed a note for $550 to Lucie Lee Robbins (appellant), and to secure payment they also executed a deed of trust on Lot 4 in Block 6 in Waters' Addition to the City of Pine Bluff. Upon default, appellant filed suit against appellees, securing a judgment for $537.14 (including costs) and also an order to sell the security. At the Commissioner's sale, appellant bought the property for the amount of the judgment. The trial court confirmed the sale, and ordered the property turned over to appellant. who later sold it to a third party.

At the same term of the Chancery Court appellees filed a Motion to set aside the sale on the ground that the price paid by appellant was inadequate. After hearing testimony on behalf of both parties the court granted appellees' Motion, holding "that the property herein sold for an inadequate price". The court then canceled the sale to appellant and ordered a resale of the property by the Commissioner after giving proper notice, hence this appeal.

Appellant now seeks a reversal on the ground of insufficient evidence to sustain the action of the trial court in setting aside the sale, and we agree.

There is no contention by appellees that there was any irregularity, any mistake, or any fraudulent conduct in the entire proceedings. That being the state of the record before us, the trial court erred in setting the sale aside.

In *Free v. Harris*, 181 Ark. 644, 27 S. W. 2d 510, the Court, on facts similar to those in this case, said:

"Mere inadequacy of consideration, however gross, unaccompanied by fraud, unfairness or other in-

equitable conduct in connection with the sale, is of itself insufficient to justify the court in setting the sale aside and refusing confirmation.''

\* \* \*

"It is of the greatest importance to encourage bidding by giving to every bidder the benefit of bids made in good faith and without collusion or misconduct, and at least when the price offered is not unconscionably below the market value of the property.''

In *Union & Planters' Bank & Trust Company* v. *Pope,* 176 Ark. 1023, 5 S. W. 2d 330, there appears this language:

"'While this court has held that mere inadequacy of price will not justify a chancery court in refusing to approve a sale and deprive a purchaser of the benefits of his purchase, yet, if a purchaser has been guilty of any unfairness or has taken any undue advantage, the sale will be regarded as fraudulent, and the party injured will be permitted to set aside the sale.''

The above cited cases have never been overruled.

Our attention has been called to the case of *The Security Bank of Branson, Missouri* v. *Speer,* 203 Ark. 562, 157 S. W. 2d 775, where this Court held that during the same term, at which a judgment or order is rendered, it remains subject to the plenary control of the court, and may be vacated, set aside, modified or annulled. However, in the case of *Summars* v. *Wilson,* 205 Ark. 923, 171 S. W. 2d 944 where the *Speer* case was cited, this Court either interpreted the *Speer* decision to hold or reversed it to hold that while the trial court had the *power* to set aside its judgments or orders (in term time) it could do so only by *exercising sound discretion.* There we said:

"Judicial sales are not to be treated lightly. The courts should not reject a sale and refuse a confirmation for captious reasons, but only in the exercise of sound discretion. The trial court is vested with sound judicial discretion in these matters; and the appellate court, in reviewing the action of a trial court to see if there has been an abuse of discretion, does not substitute its own decision for that of the trial court, but merely reviews the case to see whether the decision was within the latitude of decisions which a judge or court could make in a case like the one being reviewed. Just as the law's standard of conduct is the ordinary, reasonable, prudent man, so in reviewing the exercise of discretion, the test is whether the ordinary, reasonable, prudent judge, under all the facts and circumstances before him would have reached the conclusion that was reached."

In any event, we now choose to follow the rule announced in the *Summars* case.

We cannot agree with appellees' contention that the low price paid for the property ($537.14) was unconscionable and therefore justified the court in setting the sale aside. This is on the basis that the property was worth $1,000, but the testimony does not justify that figure. It is true that appellees' attorney testified (over strenuous objections) that he believed the property was worth $1,000. Another witness, who was contacted by appellees to secure a loan and who examined the property, stated that he would advance $1,000 provided it would be used to pay off the judgment and the balance used to improve the house. Another witness, who had recently inspected the property, valued the property at not more than $575.

Appellees say the trial court should be affirmed because appellant failed to comply with Rule 9 (d) of this Court. We do not find this to be the case. Appellant's

brief contains an abstract of all material parts of the pleadings, the testimony and the decree. The Rule requires only such matters that "are necessary to an understanding of all questions presented to the court for decision". This requirement has been met by appellant.

It is our opinion that the trial court erred in setting aside the sale and in ordering a resale.

The decree of the trial court is therefore reversed.

SMITH, J., concurs.

FOGLEMAN, J., dissents.

GEORGE ROSE SMITH, Justice, concurring. I should like to discuss two cases, not mentioned by the majority, which seems to answer the argument made in the dissenting opinion.

In *George v. Norwood*, 77 Ark. 216, 91 S. W. 557 (1905), the property was sold at a public sale for $4,000. One of the parties objected to confirmation, on the ground that the price was grossly inadequate. The objector offered to bid $5,000 at a resale. The chancellor offered to permit the successful bidder to increase his bid to $5,000, but the bidder refused to do so. The chancellor then set the sale aside and accepted the party's higher bid of $5,000. We first observed that a judicial sale should not be set aside for mere inadequacy of price unless the inadequacy "be so great as to shock the conscience or raise a presumption of fraud or unfairness." We then went on to point out that a court does not have an arbitrary right to refuse to confirm a judicial sale, saying:

"Courts have adopted as a wise public policy, the rule that confidence in the stability of judicial sales should be maintained, so that competitive bidding may be encouraged by the assurance that, in the

absence of fraud or misconduct, the highest bidder will be accepted as the purchaser of the property offered for sale. And, while it is often said that the accepted bidder at such a sale acquires no independent rights until the sale be confirmed by the court, and that the court may exercise a discretion in either confirming or rejecting the sale, yet this discretion must be exercised according to fixed rules, and not arbitrarily, and the bidder has the right to insist upon its exercise in this manner only. He can insist that his purchase be not set aside by the court upon reasons which are condemned.''

In reversing the chancellor's decree we closed our opinion with these words:

"If the chancellor had, under the proof, approved this sale, our duty to affirm his decision would be plain, for it is undisputed that the sale was regularly made in accordance with the order of the court, and was free from any fraud or misconduct, and the evidence shows that the price bid was not inadequate.

"That being true, the purchaser had the right to insist upon a confirmation of the sale, and it is equally our duty to protect that right and to reverse a decision of the chancellor denying it. In other words, the decision refusing to confirm the sale under the proof presented by the record can not be said to be proper exercise of the discretion of the court, and must be reversed.

"The decree is therefore reversed, and the cause remanded, with directions to confirm the sale to appellant upon compliance by him with the terms of his bid.''

Thus the *George* case unmistakably holds that mere inadequacy of price (which is all that is shown in the

case at bar) is not a sufficient basis for the chancellor's refusal to confirm a judicial sale and, further, that we will reverse such a decree and direct that the sale be confirmed.

The same principle was applied in *Federal Land Bank* v. *Floyd,* 187 Ark. 616, 61 S. W. 2d 449 (1933), which I cite because there as here the highest bidder was the judgment creditor, who merely credited his bid upon the judgment, leaving a deficiency. Upon testimony that the property had brought only half its value the chancellor refused confirmation and ordered a resale. We held that the highest bidder had a vested right to confirmation, saying: "Therefore, it seems that this court is committed to the doctrine that a purchaser at a commissioner's sale takes a vested interest by reason of the purchase, *and confirmation follows as a matter of right* [my italics], unless it be found that fraud entered into the transaction or else the price bid and offered was so grossly inadequate as to shock one's sense of justice." Upon that reasoning we reversed the decree and remanded the cause with a direction that the sale be confirmed.

The foregoing cases rebut the novel suggestion that a chancellor may arbitrarily set aside a judicial sale, for no announced reason, just because the term of court has not expired. If that were so, the purchaser's vested right to confirmation would often be meaningless, since more often than not judicial sales are submitted for confirmation at the same term of court as that in which the order of sale was made.

Indeed, to accept this same-term-of-court notion would lead to an untenable result: If the chancellor refused to confirm the sale, for inadequacy of price, and the successful bidder took an appeal from that refusal, we would reverse the decree and direct that the sale be confirmed—exactly as we did in the *George* and *Floyd,* cases, *supra.* But if, as here, the chancellor *first con-*

*firmed the sale,* then he could within the term exercise
his unlimited discretion to set aside the decree of confirmation and order a resale, with no possibility of a
reversal by this court. To state such a proposition is of
course to answer it.

JOHN A. FOGLEMAN, Justice dissenting. I dissent because I feel that the majority has not given due consideration to (1) the fact that the action of the trial
court was taken during the term of court at which the
order of confirmation of the commissioner's sale was
entered and (2) that the sale was made to the plaintiff-
mortgagee in the foreclosure suit. I would agree with the
result reached if either one of these facts were not involved. There can be no doubt that the trial court had
the power to set aside its order confirming the commissioner's sale during the term at which it was rendered.
*Wofford* v. *Young,* 173 Ark. 802, 293 S. W. 725; *Union
& Planters' Bank & Trust Co.* v. *Pope,* 176 Ark. 1023,
5 S. W. 2d 330. The extent of this control by the court
of its judgments has been stated in *Stinson* v. *Stinson,*
203 Ark. 888, 159 S. W. 2d 446, as follows:

"* * * Courts in this state, having absolute control of their judgments and decrees during the term
at which rendered might change, modify or set
them aside on their own motion and without requiring the formality of a motion to do so and without any notice whatever to the parties in the case."

It has been held that a court may set aside a judgment during the term at which it was rendered without
even hearing any evidence. In *Union Sawmill Co.* v.
*Langley,* 188 Ark. 316, 66 S. W. 2d 300, it was said:

"We have repeatedly held that, during the term of
court at which a judgment is rendered, the court
has the inherent power to set aside the judgment,
and it may do so without stating any cause. Appellant refers to the statute and numerous authori-

ties, but they all refer to setting aside judgment after the term of court in which they were rendered. We know of no case, and our attention has been called to none, that prohibits a court from controlling its orders and judgments during the term in which they were entered. It therefore becomes unnecessary to set out the evidence taken on the motion to set aside the judgment. It was proper, of course, for the court to hear evidence, if he wished to do so, in order to determine whether the judgment should be set aside."

A trial court may also set aside a judgment during the term without stating or assigning any reason. *Hill* v. *Wilson,* 216 Ark. 179, 224 S. W. 2d 797; *Whaley* v. *Whaley,* 224 Ark. 632, 275 S. W. 2d 634. In *Karoley* v. *A. R. & T. Electronics, Inc.,* 235 Ark. 609, 363 S. W. 2d 120, it was said that a chancery court has the power to set aside its judgment rendered within the same term, on its own motion and without notice. It has further been held that a probate court has full power to set aside any order it had made at the same term, on its own initiative. *Ozment* v. *Mann,* 235 Ark. 901, 363 S. W. 2d 129.

In *Browning* v. *Berg,* 196 Ark. 595, 118 S. W. 2d 1017, this court rejected the arguments that the rule is subject to the limitation that a chancery court may not set aside a judgment or decree without good cause being shown therefor and that the trial court may be reversed for abuse of its discretion in so doing. There it was said:

"It may be urged that the language in the Langley Case, 'it may do so without stating any cause,' impliedly holds there must be cause, but that such cause need not be stated by the court. In the instant case the chancellor, at the term from which this appeal comes, explained what his purpose was. Yet, regardless of the apparent sufficiency or insufficiency of the reason, the fact remains that it was

the court's intention to set the decree aside, and this right is not to be denied. A sufficient purpose was stated: 'to enable the defendants to present the matter at the coming term of court.' "

*Moss Tie Company* v. *Miller,* 169 Ark. 657, 276 S. W. 586, is the only case I have been able to find where this court has reversed a trial court's action setting aside a judgment during the term at which it was rendered. There, the court set aside its judgment of dismissal which had been granted on motion of the plaintiff, who then moved to have the judgment set aside. This opinion states that a court can only set aside a judgment for good cause shown. The effect of this decision as authority is eliminated by the opinion in *Browning* v. *Berg, supra.*

Application of the rule in cases involving foreclosure sales is no novelty. In *Security Bank of Branson, Missouri* v. *Speer,* 203 Ark. 562, 157 S. W. 2d 775, this court affirmed an order of a chancery court cancelling an order of sale and report of sale and divesting all rights of the mortgagor who purchased at the commissioner's sale, and permitting mortgagees to redeem. The order was made at the same term of court and without notice to the plaintiff-purchaser. This court, in answering its own question as to the power of the court in this regard, said:

"There appears to be no rule of law better settled than that courts have the inherent power to control, or to set aside, their judgments or decrees, without assigning cause, at the same term at which they were rendered."

No cause whatever for the setting aside of the decree was mentioned in that case.

It is well established that the setting aside of foreclosure sales may be improper when the purchaser is a

stranger to the case but proper when the purchaser is a party to the case. *Griffin* v. *Solomon,* 237 Ark. 653, 375 S. W. 2d 232.

The majority relies principally on the case of *Free* v. *Harris,* 181 Ark. 644, 27 S. W. 2d 510. The quotations from that opinion are probably dicta. They are of little value as precedent because the court found that the preponderance of the evidence in that case showed that the price received for the lands was fair and reasonable. The appeal from the order denying confirmation was taken by the purchaser at the commissioner's sale. He had not theretofore been a party to the action.

The quotation from *Union & Planters' Bank & Trust Co.* v. *Pope,* 176 Ark. 1023, 5 S. W. 2d 330, if not dictum, is also of little value as precedent here. This court affirmed an order setting aside the sale made without any notice having been given to the appellant, who was the plaintiff and the purchaser at the commissioner's sale. The sale included an interest of one of the mortgagors in lands which had been excepted from the provisions of the mortgage.

I fail to see the application of *Summars* v. *Wilson,* 205 Ark. 923, 171 S. W. 2d 944, to the facts in this case. The "proof-text" quoted therefrom in the majority opinion relates to the *denial* of confirmation to a *third-party purchaser.* The sale was made in a partition suit. The order of sale, the sale, an order disapproving it, the application of the purchaser to set aside the order of *disapproval,* an order setting aside the disapproval and approving the sale, and an order vacating the approval of the sale and reinstating the order of disapproval were all made during the same term of court. The third-party purchaser, one Summars, had not paid the purchase money and he did not have the purchase money on the day of the final order reinstating the disapproval of the sale to him. In the interval between the original disapproval of the sale and the motion of the purchaser

to set aside the order of disapproval, the parties to the partition suit had resolved their differences and sold the lands to one McCollum who was not a party to any of the proceedings. McCollum then went into possession of the lands and made a contract with one Wilson relating thereto. On the date the court made its order approving the sale to Summars, the attorney for McCollum and Wilson was not present in court. Prior to this action, the judge had announced in open court that no order would be made in any case in which this attorney was interested. This court said that the order setting aside the original order disapproving the sale to Summars and approving the sale was properly made to remedy the trial judge's inadvertence in entering the order during his momentary forgetfulness of his announcement. Summars appealed from this order and the refusal of confirmation of his purchase. The portion of the court's opinion quoted in the majority opinion has nothing whatever to do with the setting aside of the order relating to the sale. It relates only to the confirmation of the judicial sale. I do not agree that the *Speer* case was construed in this case as the majority state, nor do I agree that the *Speer* case was overruled. Six years later it was cited as authority for a trial court's setting aside of a judgment during the term at which rendered, without assigning any cause. *Hill* v. *Wilson,* 216 Ark. 179, 224 S. W. 2d 797.

I recognize the importance of the stability and integrity of judicial sales. If the purchaser at the foreclosure sale were a third-party bona fide purchaser for value and this litigation were between him and the mortgagor, I would view the matter differently.

I do not think that the court is justified in treating this case as one where the rights of a third party have intervened. In the first place, a third party has not asserted any rights. It is still a suit between mortgagor and mortgagee. In the second place, appellant makes no assertion in pleading, proof, or brief that the property

ha's been sold to a bona fide purchaser for value. Thus, this cannot be a ground for reversal. In the third place, there is no evidence before the court that such is the case. Appellant successfully objected to evidence offered by appellees which might have shown that a third party had purchased the property.

On rebuttal, one of appellees, Ethel Ford Guy, was called as a witness. When she was asked by her attorney whether this property had been sold, appellant's objection that this was improper as rebuttal was sustained. Then an offer of proof was tendered for the record. In this offer she stated that one Margie Smith had the property and paid $1,150 for it. Cross-examination on this offer revealed that this witness based her testimony on information she received from her daughter. The daughter, Gloria Guy, then testified that Margie Smith was supposed to own the place now. The court sustained an objection by appellant on the basis that the testimony was not proper rebuttal, but again permitted an offer of proof for the record. In this offer she stated that ''a lady that answered the phone'' advised her that the property was sold and that Margie Smith told her the amount for which it was sold was $1,150. After this offer the court properly sustained a further objection to this testimony on the basis that it was hearsay. Even this offered evidence fails to show a sale of the property by appellant Lucy Lee Robbins.

A concurring opinion calls attention to *Federal Land Bank* v. *Floyd*, 187 Ark. 616, 61 S. W. 2d 449. Emphasis is placed upon the statement in that case that a purchaser at a commissioner's sale takes a vested interest by reason of his purchase and confirmation follows as a matter of right, except where fraud is involved or the price was so grossly inadequate as to shock the sense of justice. This language was not used with reference to the court's setting aside the confirmation of the sale. The court there actually held that the purchaser's right to confirmation was a vested right in the sense

that an act of the legislature passed subsequently to the sale could not impair his right to confirmation and that this right must be measured by the law in force prior to the passage of the act. At any rate, this case was decided nearly ten years before the decision in *Security Bank of Branson, Missouri* v. *Speer, supra.* Certainly the rights of the Federal Land Bank in the *Floyd* case were no more vested than the rights of the Security Bank in the *Speer* case. If the *Floyd* case requires the treatment suggested in the concurring opinion, it was overruled by the *Speer* case which seems to me to be in irreconcilable conflict with that suggestion.

I would affirm the order of the chancery court.