UNITED FASTENERS, INC., et al. *v.* FIRST STATE
BANK OF CROSSETT

85-8                                                    691 S.W.2d 126

Supreme Court of Arkansas
Opinion delivered June 10, 1985
[Rehearing denied July 15, 1985.*]

*Johnson & Harrod*, by: *William E. Johnson*, for appellant.
*Griffin, Rainwater & Draper*, by: *Paul S. Rainwater*, for

---

* George Rose Smith, and Dudley, JJ., not participating.

appellee.

DARRELL HICKMAN, Justice. The First State Bank of Crossett had been doing business with United Fasteners, Inc., for some time, and on June 15, 1979, a $56,500 promissory note was issued to consolidate prior loans. The note was secured by second mortgages on the residences of the principal parties to the corporation and their wives: Robert and Joyce Carter, Buddy and Lennie Stephens, and Michael and Wanda Jenkins. It was a corporate note executed on the front by all the principals and on the reverse side of the note was three signature lines for the corporation principals and sole shareholders to sign individually. Robert Carter and Michael Jenkins signed the back side of the note but Buddy Stephens did not.

About a year later, in August of 1980, the bank loaned the corporation $17,000. The appellant corporation, United Fasteners, was the maker of the note, and it was signed by Buddy Stephens and Michael Jenkins, who were the sole shareholders and officers of the corporation at that time. This note was secured by accounts receivable, inventory, furniture, and fixtures of the corporation. This security interest was evidenced by a financing statement and security agreement.

The appellant corporation defaulted on both notes, and the bank took possession of the collateral and proceeded to dispose of and liquidate it. The bank brought an action to foreclose on the mortgages which secured the first note and the security interest for the second note. Both notes were found valid and in default, and the indorsers were found jointly and severally liable. The chancellor ordered the sale of the mortgaged realty to satisfy the first note. The Carters and Lennie Stephens attempted to challenge the foreclosure of the collateral securing the second note on the basis that they had not received reasonable notification of the time and place of the sale or disposition of the collateral under both the Commercial Code and our cases.

The main issue is whether appellants Robert Carter and his wife, Joyce, and Lennie Stephens have standing to raise certain defenses under Ark. Stat. Ann. § 85-9-504 (3) (Supp. 1983) in a foreclosure action instituted by the First State Bank of Crossett, Arkansas, on the promissory note issued by United Fasteners, Inc., on August 18, 1980. The trial court held that the Carters and Lennie Stephens did not have standing to raise these defenses. We affirm.

■ The Carters and Lennie Stephens were not debtors or parties on the second note. Their signatures did not appear on it. The corporation was the debtor. The loan was made to the corporation, the proceeds of the loan accrued to the corporation, and the principals of the corporation at that time, Michael Jenkins and Buddy Stephens, signed the note. Since the Carters and Lennie Stephens were not parties or debtors to the second note, they were not entitled to notice prior to disposition of the collateral.[1] Ark. Stat. Ann. § 85-9-504 (3).

■ The appellants attempt to get around these facts by arguing that the language of the security agreement executed with the second note incorporates both notes and gives them standing to raise defenses as to the second note. The clause they rely upon concerns the application of the proceeds received from the sale of the collateral; but that language clearly refers to advances as a result of the second note and there is no language which pledges any collateral used for the second note as security for the first note. The first note is not a part of the security agreement and does not confer standing on the Carters and Lennie Stephens. Because their parties have no standing, we do not address their other arguments pertaining to the second note.

■■ Buddy Stephens argues that he signed the first note in his representative capacity as an officer of the corporation and is, therefore, not personally liable on the note. Stephens points out that he did not sign the reverse side of the note as an individual indorser. We disagree with his arguments. A signature is only in a representative capacity if the name of the organization is preceded or followed by the name and office of an authorized individual. Ark. Stat. Ann. § 85-3-403 (3) (Add. 1961). Although the name of the corporation precedes Stephens' name, the office held by Stephens is not indicated. Furthermore, there was other evidence of Stephens' individual liability. First, he executed a second mortgage on his home. Second, the parties to the note testified that all the parties had agreed that each principal would be personally liable on the note. Hence, Stephens is personally liable on the $56,500 note even though he did not sign in the individual guaranty space.

■■ Finally, the Carters and the Stephenses argue that

---

[1] Buddy Stephens had notice of the planned disposition and does not argue this point.

the judicial sale of the Stephenses' home for $20,000 was grossly inadequate and should be set aside. The Stephenses did offer testimony that the market value of the house was more than double the amount which was received at the sale. In Arkansas it is well settled that mere inadequacy of price is not alone a sufficient ground for setting aside the judicial sale. *George* v. *Norwood*, 77 Ark. 216, 91 S.W. 557 (1905). The inadequacy of price must be coupled with fraud, unfairness, irregularity, mistake, or other inequitable conduct in connection with the judicial sale. *Robbins* v. *Guy*, 244 Ark. 590, 426 S.W.2d 393 (1968); *Free* v. *Harris*, 181 Ark. 644, 27 S.W.2d 519 (1930); *Union Planters' Bank & Trust Co.* v. *Pope*, 176 Ark. 1023, 5 S.W.2d 330 (1928). There is no evidence or allegation of fraud, irregularity, unfairness, mistake or inequitable conduct with regard to the judicial sale. After a hearing the trial court found that the price was not so inadequate as to shock the conscience of the court, and we cannot say on appeal that the trial court was clearly wrong in that finding.

Affirmed.